Keith *et al. v.* Ault *et al.*

No. 17,699.

KEITH ET AL. *v.* AULT ET AL.

DESCENT.—*Adopted Child.*—An adopted child of a deceased husband, but not of the wife, is not entitled to the protection of section 2641, R. S. 1894, providing that if a widow marry a second time, holding real estate in virtue of a previous marriage, and there be a "child * * * alive by such marriage," the widow cannot, with or without her husband's consent, alienate such land, and upon her death during the marriage it shall go to "her children" by the marriage in virtue of which it came to her, although section 837 provides that an adopted child shall receive all the rights and interest in the estate of the adopting father or mother which a natural heir would be entitled to.

From the Pike Circuit Court.

*E. P. Richardson* and *A. H. Taylor,* for appellants.

*J. W. Wilson* and *S. G. Davenport,* for appellees.

HOWARD, J.—A demurrer was sustained to appellant's complaint for ejectment; and the correctness of this ruling is the only question for our consideration.

From the complaint it appears that on the first day of November, 1881, one James H. Lemmon, who was then the owner of the land in controversy and of certain other lands, departed this life intestate, leaving as his only heirs his widow, Mary A. Lemmon, and the appellant, Georgiana L. Keith, his adopted daughter; that partition was made of decedent's real estate between said widow and adopted child; that the part of said real estate so set off to said child was by the administrator sold to pay the debts of the estate; that the widow and child continued to live upon the share set off to the widow; that on June 3, 1884, the widow mar-

ried one Joseph Damewood, the said child still continuing to live in the family; that on January 6, 1887, the said Mary A. Damewood (formerly Lemmon) and her husband, Joseph Damewood, sold and conveyed to the appellees the land set off to her as widow of her first husband; that appellees at once went into possession of said land, and have continued in possession ever since, claiming to be the owners of the same; that on July 12, 1892, the said Mary A. Damewood died intestate; that from the date of said appellant's adoption by James H. Lemmon until the death of the said Mary A. Damewood, the said Mary A. always treated the said appellant, Georgiana, as her own child; that afterwards the said Georgiana intermarried with her co-appellant, Isaac Keith; that by reason of the premises the appellants claim to be the owners in fee simple of said land, and demand possession thereof and damages for its detention.

The appellant Georgiana was the adopted child of James H. Lemmon, not of his wife, Mary A. Lemmon. James H. Lemmon was never married before his marriage to said Mary A. Lemmon.

It is contended that the rights of the appellant Georgiana in the estate of her adopted father are, by force of the statutes for the adoption of heirs, the same as if she were his natural child; and the following from section 837, R. S. 1894 (section 825, R. S. 1881), is referred to in support of such contention. "From and after the adoption of such child it shall take the name in which it is adopted and be entitled to and receive all the rights and interests in the estate of such adopting father or mother, by descent or otherwise, that such child would if the natural heir of such adopting father or mother."

There is no doubt, as said in *Warren, Admr.,* v. *Prescott,* 84 Me. 483, that "it is as competent for the legis-

lature to place a child by adoption in the direct line of descent as for the common law to place a child by birth there." The only question to be decided is, what the statute does provide as to the rights of an adopted child under the circumstances of this case?

The appellant bases her claim to the land in controversy on the following provisions of section 2641, R. S. 1894 (section 2484, R. S. 1881): "If a widow shall marry a second or any subsequent time, holding real estate in virtue of any previous marriage, and there be a child or children or their descendants alive by such marriage, such widow may not, during such second or subsequent marriage, with or without the assent of her husband, alienate such real estate; and if, during such marriage, such widow shall die, such real estate shall go to her children by the marriage in virtue of which such real estate came to her, if any there be."

It is not questioned that by the statute for the adoption of heirs, already cited, the appellant was "entitled to receive all the rights and interest in the estate" of her adoptive father that she would have received if she had been his natural child. As a matter of fact, her rights as the child of James H. Lemmon were fully recognized in the partition of his real estate, a child's full part being set off to her, subject, as in the case of other children, to the payment of her father's debts. But for that reason it does not follow that she becomes the owner of the widow's part of the same real estate by virtue of the special provisions of the statute last above cited.

By no stretch of meaning can the appellant Georgiana be described as a child of the widow, Mary A. Lemmon, "by the marriage in virtue of which such real estate came to her." The appellant is not even an adopted child of the widow, to say nothing of being the child of such widow by her marriage to James

H. Lemmon. The statute was evidently intended to apply only to children born to the husband and wife, and to the lands received by the wife from her husband on his death. Such lands during her second marriage she shall not sell; and in case she dies during such second marriage the lands so received by her whether she has so sold them or not, "shall go to her children by the marriage" to her first husband; not to her children by adoption, still less to a child not adopted by her.

No doubt, if Georgiana had been adopted by both Mr. and Mrs. Lemmon she would have inherited from Mrs. Lemmon as any other child from its parents. There is here, however, no such case.

The exact question raised in this case was decided against the contention of appellant in *Barnes* v. *Allen*, 25 Ind. 222, and in *Isenhour* v. *Isenhour*, 52 Ind. 328. See also *Humphries* v. *Davis*, 100 Ind. 274; *Markover* v. *Krauss*, 132 Ind. 294.

Had James H. Lemmon been married before his marriage to Mary A. Lemmon, had appellant been adopted by him and his former wife, and had Mary A. Lemmon been a second and childless widow, as was the case in *Markover* v. *Krauss*, *supra*, then we should have another question, and one not under the statute here under consideration, but under section 2644, R. S. 1894 (section 2487, R. S. 1881).

Judgment affirmed.

Filed April 23, 1896.

NOTE.—The legal status of adopted children is discussed with a review of the authorities in a note to *Warren* v. *Prescott* (Me.), 17 L. R. A. 435.