CHICAGO & ERIE RAILROAD COMPANY *v.* MONESMITH ET AL.

[No. 16,713. Filed December 5, 1941. Rehearing denied January 22, 1942.]

284

*Myers & Molique,* of Logansport, and *Hiram G. Miller,* of Rochester (*Follansbee, Shorey & Schupp,* of Chicago, Illinois, of counsel), for appellant.

*Brown & Brown,* of Rochester, and *Hillis & Hillis,* of Logansport, for appellee.

FLANAGAN, J.—Appellees brought this action against appellant to recover damages for property injured and destroyed by fire communicated by appellant's locomotive engine.

The verdict of the jury was for appellee in the sum of $2,750.00. Appellant's motion for a new trial was overruled and this action of the trial court is the sole error assigned upon appeal.

The grounds of the motion for a new trial relied upon here are: (1) The verdict of the jury is not sustained by sufficient evidence; (2) the verdict of the jury is contrary to law; (3) the court erred in giving instructions numbered 2 and 3 tendered by appellee; (4) the court erred in rulings on admission and rejection of certain evidence; and (5) the assessment of the amount of recovery is erroneous, being too large.

Appellant contends that the theory of the complaint is the *total destruction of specific property* separate and apart from the eighty acre farm of which it was part, that appellee went to trial on the theory of *permanent injury to the eighty-acre farm as a whole* by reason of the damage to its various parts, and that this was a fatal variance from the theory of the complaint.

In discussing what is meant by "theory of a complaint," this court said in the case of *Chicago, etc., R.*

*Co.* v. *Collins* (1924), 82 Ind. App. 41, 56, 142 N. E. 634, 143 N. E. 712:

"An attentive study of a large number of cases has led to the conviction that wherever it has been said that a complaint must proceed upon a definite 'theory,' which is to be determined from the general scope and tenor of the complaint, nothing more or less is meant than the complaint must reveal the character of the action—the nature of the action. . . . More definitely stated: a complaint must be so drafted as that, from its general scope and tenor, the court may determine whether it states a cause of action founded on negligence or fraud; whether it is an action for replevin or ejectment; whether it is an action to foreclose a mortgage or to quiet title; or whether it is an action of some other kind. In yet other words: a complaint must be so drafted that the court may see to what class of actions the cause of action therein stated belongs, and may know what branch of the law is applicable."

The theory of the complaint in question is recovery under § 55-3504, Burns' 1933, § 14550, Baldwin's 1934, for damage to property injured and destroyed by fire communicated by appellant's locomotive engine.

We do not have here presented a question as to variance from the *theory of the complaint* but rather a question of variance between the *averments of the complaint* and the proof.

Had no objection been made to the proof when offered, we would consider the complaint amended to conform to the evidence under § 2-3231, Burns' 1933, § 505, Baldwin's 1934.

However appellant did make proper objection to the introduction of evidence as to the value of the farm as a whole before and after the fire, saved the question, and has duly presented it here under its ground for a new trial that the court erred in the admission of evidence. Appellant also contends here as the reason why the verdict of the jury is not sustained by sufficient evi-

dence and is contrary to law, that the evidence as to damage, being at variance with the averments of complaint, was incompetent, and being admitted over its objection, should now be disregarded, and when so disregarded there is no evidence of damage sufficient to sustain the verdict of the jury and its verdict is contrary to law.

However we cannot agree with appellant's view as to the effect of the allegations of the complaint. The complaint alleges that appellee is the owner of the eighty-acre farm in question, that approximately 20 acres of the said real estate was muck of a high degree of fertility, that 80 rods of fence was located thereon, that part of said real estate was in growing pasture, that on it was growing about fifty birch and maple trees, that "the real estate above described was injured by fire" communicated to said real estate by appellant's locomotive engine. It then alleges total destruction of the various items of the property above described without attempting to evaluate the damage to each item; that the muck land is now lake and marsh, and that another portion of the farm, to-wit: 9 acres, is useless and inaccessible, and "that thereby this plaintiff has been damaged," etc. We think the complaint alleges permanent injury to the farm as a whole by reason of the damage to its various parts.

Appellant's contention is also confronted by § 2-1063, Burns' 1933, § 168, Baldwin's 1934, which reads as follows:

"No variance between the allegations in a pleading and the proof is to be deemed material, unless it have actually misled the adverse party, to his prejudice, in maintaining his action or defense upon the merits. Whenever it is alleged that a party has been so misled, that fact must be proved to the satisfaction of the court, and it must be shown in what respect he has been misled; and,

thereupon, the court may order the pleading to be amended on such terms as may be just."

There is no contention that appellant was misled to its prejudice in maintaining its defense upon the merits. It was not so alleged in the trial court nor was proof thereof offered. No attempt was made to have the complaint amended nor was time asked to further prepare for trial. The record discloses that at the trial appellant contended that the farm as a whole suffered little, if any, permanent injury, and it introduced considerable evidence in support of that contention.

The trial court did not err in admitting the evidence as to the value of the farm as a whole before and after the fire, and that evidence being competent there is ample evidence to sustain the verdict of the jury and its verdict is not contrary to law.

During the trial appellant asked its witness, George A. Sweet, the following question:

"Do you know from information and observation as to the value of muck land in Fulton County?"

The witness answered "Yes."

Appellant then asked the witness:

"Then you may tell the jury what this land of Nettie Monesmith over which you went and made observations, was reasonably worth in 1936 prior to the time of the fire."

Upon objection being made, appellant offered to prove that the witness would testify that the muck land on the farm was worth $15.00 to $20.00 an acre before the fire, and the same after the fire, and that the eighty acres was worth $30.00 an acre before the fire and the same afterwards.

The court sustained the objection on the theory that the witness was not qualified and this ruling is assigned as error.

The fire occurred on July 19, 1936. The trial was held in May, 1939. The witness had testified that he first saw the farm in question in March, 1939; his residence was Fort Wayne, Indiana, and there is no evidence that in 1936 he was acquainted with the value of land, muck or otherwise, in the vicinity of this farm or elsewhere.

The question of a witness' qualifications to testify as an expert is primarily for the determination of the trial court, whose decision will be set aside only where there is a manifest abuse of discretion or no evidence to support it. *Dougherty* v. *State* (1934), 206 Ind. 678, 686, 191 N. E. 84; *City of Fort Wayne* v. *Coombs* (1886), 107 Ind. 75, 85, 7 N. E. 743, 57 Am. Rep. 82.

The court had heard evidence as to the change of the condition of the property by the fire and by the passage of time between 1936 and 1939. Inasmuch as the witness never saw the property until 1939, nearly three years after the fire, and was not shown to be acquainted with the involved values before the fire occurred, we cannot say the court abused its discretion in concluding that he was not qualified to testify as to its value before the fire. There was evidence to support the court's decision.

Appellant's final contention is that the assessment of the amount of recovery is too large for the reason that the jury was permitted, in fixing the amount of damage, to consider evidence not competent for that purpose under appellees' tendered instructions numbered 2 and

3 which were given by the court over appellant's objection.

Instruction numbered 2 objected to by appellant reads as follows:

"While it is necessary for the plaintiff to offer some evidence tending to prove each material averment of her complaint it is not necessary that such evidence shall be direct, but any fact necessary to constitute plaintiff's cause of action may be proved by circumstantial evidence as well as by direct testimony, if the jury finds that such fact is fairly to be inferred from all the circumstances in evidence together with all other evidence introduced tending to prove or disprove such averment."

Appellant contends that the words, "all the circumstances in evidence" are not limited to those "tending to prove or disprove such averment." We do not think the instruction is subject to such criticism. We think it clearly means "all the circumstances in evidence tending to prove or disprove such averment, together with all other evidence introduced tending to prove or disprove such averment." We do not believe the jury was led by this instruction to consider improper evidence of damage to appellant's detriment.

Instruction numbered 3 complained of by appellant reads as follows:

"Upon consideration of all the evidence herein and the instructions of the court, if then your finding is for the plaintiff and if you find that the plaintiff is entitled to recover damages from the defendant railroad company, then it will be your duty to determine the amount of any such recovery. Any verdict you return for the plaintiff would be based upon damage to property owned by the plaintiff, all as alleged in the complaint and sustained by the evidence. In ascertaining such damage, if any, you may take into consideration the difference between the fair market value of such property at the time

and place involved before the fire complained of in the complaint, and the value of such property after such fire, all as you may find from the evidence. In no event can you award the plaintiff any greater sum than the $7,500.00 demanded in the complaint."

Objection is made that this instruction tells the jury that it *may* take into consideration the difference between the fair market value of the property before and after the fire, instead of instructing definitely that such was the measure of damages to be used, leaving the jury to consider other elements of damage.

Appellant tendered four instructions on the question of damages, all of which were given, and we think they, together with the instruction complained of, clearly limited the jury to the proper measure of damages so that it was not misled.

It is apparent from the record that the jury was not misled. The evidence introduced by appellant was to the effect that the farm was worth as much after the fire as before. Witnesses for appellee fixed the difference in value at various amounts between $2,800.00 and $5,500.00. No other evidence as to values was presented nor do we find anything in the evidence of any substance whatsoever which the jury might have considered to appellant's detriment in reaching the amount of its verdict.

Finding no reversible error in the record, judgment is affirmed.

NOTE.—Reported in 37 N. E. (2d) 724.