BLOCK *v.* TALGE ET AL.

[No. 27,924. Filed November 2, 1943.]

*Barnes, Hickam, Pantzer & Boyd* and *Charles M. Wells,* all of Indianapolis, for appellant.

*John S. Fenstermacher* and *Charles W. Applegate,* both of Indianapolis, for appellees.

FANSLER, J.—This is an action by the appellees against the appellant for the conversion of certain personal property. The appellee Brown was the owner of a farm upon which the property was located. She sold the farm to the appellant. The personal property in question was not removed for some time and a controversy arose as to its removal. There was a trial by jury and a verdict for $300.

Error is assigned upon the overruling of a motion for a new trial.

Among the personal property involved were four pieces of farm machinery alleged to be of the total value of $120. The evidence shows that there was no dispute about the ownership of this machinery; that it was left standing in the barnyard near a pile of junk which belonged to appellees. The appellee Talge sent a man to haul away the junk. This man and his assistants broke up the machinery in question and hauled it away with the junk. There is evidence that the appellant instructed the junk man to destroy the machinery. This was a wrongful exertion of the right of dominion over the property, inconsistent with the rights of the owners, and amounts to a conversion. *Sullivan & O'Brien, Inc.* v. *Kennedy* (1940), 107 Ind. App. 457, 25 N. E. (2d) 267.

The appellant asserted ownership of two engines, which he claimed were his by virtue of his purchase of the real estate, upon the theory that they were attached to and were a part of the realty. The evidence is conflicting. The jury was properly instructed that, in determining whether this property was part of the real estate, it might consider whether or not it was bolted or attached to the real estate, the adaptibility of the article for attachment to the real estate, the intentions of the parties as shown by their

conduct in placing the fixture on the real estate, and their disposition of the same, as well as the use of the property in connection with the realty. From the evidence, it could have been properly concluded that, while the engines were fastened to blocks of concrete, and one of them was inside of a building, they were not intended or designed to become part of the real estate.

Another item involved is an ice box which was stored in one of the buildings on the premises. Part of the ice box was removed from the building and left in the open and the glass broken. There was evidence that the appellant considered himself a bailee of this ice box for hire, since he sent a bill for storage to the appellees. There was evidence that, because of the breakage and leaving part of the ice box out in the weather, its usefulness was destroyed. This was sufficient to sustain the charge of conversion.

Appellant complains of the refusal of the court to give certain instructions tendered. Most of them were peremptory and they were properly refused. The instruction concerning the attachment of personal property to real estate was properly refused, since an instruction was given correctly stating the law on this subject.

In view of our conclusions, the damages assessed were not excessive.

We find no error.

Judgment affirmed.

NOTE.—Reported in 51 N. E. (2d) 81.