SEVALD *v.* CHICAGO & CALUMET DISTRICT TRANSIT CO., INC., ET AL.

[No. 17,786. Filed November 19, 1948. Rehearing denied December 27, 1948. Transfer denied February 2, 1949.]

On Petition for Rehearing. *Petition denied.*

*Gerald A. Gillett;* and *Sevald & Sevald,* all of Hammond, for appellant.

*Owen W. Crumpacker;* and *Crumpacker & Friedrich,* all of Hammond, for appellees.

ROYSE, C. J.—Appellant brought this action against appellees to recover damages for personal injuries allegedly sustained by him and for loss of services and consortium of his wife by reason of personal injuries allegedly sustained by her. Appellant and his wife were passengers for hire riding in a bus of appellee Chicago & Calumet District Transit Company, Inc., which collided with a train of appellee Indiana Harbor Belt Railroad Company on the tracks of appellee Elgin, Joliet & Eastern Railway Company. The complaint is in two paragraphs. The first charges appellees independently with negligence in several particulars which resulted in appellant's injuries. The second charges the same acts of negligence caused loss of services, medical expenses, etc., by reason of injuries sustained by his wife. Trial to a jury resulted in verdict in favor of appellees. Judgment accordingly.

The sole error relied on here is the overruling of appellant's motion for a new trial.

The appellant first contends the verdict of the jury is contrary to law because the evidence can lead to

but one reasonable conclusion, viz., that appellant and his wife sustained personal injuries while passengers for hire on a common . carrier by reason of the negligent acts of the appellees. We do not agree with this contention of appellant. He asserts that his own testimony of the injuries he sustained is uncontradicted and therefore the verdict of the jury is contrary to law. In cases such as this the weight to be given to oral testimony is ordinarily to be determined by the jury. Among the factors that may be considered in determining the credit to be given the testimony of a witness are: The interest of the witness, if any, in the outcome of the trial; his bias and prejudice, if any; his opportunity for knowing and recollecting the facts about which he testifies; the probability or improbability of his testimony; and his demeanor on the witness stand. *McKee* v. *Mutual Life Insurance Company of New York* (1943), 222 Ind. 10, 15, 51 N. E. 2d 474; *Scoopmire* v. *Taflinger et al.* (1944), 114 Ind. App. 419, 431, 52 N. E. 2d 728. We do not believe it would serve any good purpose to set out herein the evidence in this case. In our opinion there was a sharp conflict in the evidence as to whether appellant sustained compensable injuries. Therefore, we cannot disturb the verdict of the jury on this question. *Arlington* v. *Brown* (1947), 117 Ind. App. 535, 73 N. E. 2d 774.

It is next contended by appellant that the trial court erred in refusing to give to the jury each of his tendered instructions numbered one to eight. Without determining whether appellant's instructions one, two, three, six, seven and eight were proper as tendered, there was no harm in refusing them because their subject-matter was adequately covered in other instructions given by the court. There was no

error in refusing to give tendered instructions four and five, which related to fraud, because there was no issue of fraud in this case.

Appellant raises other questions regarding what he asserts was prejudicial conduct of appellees' counsel at the trial, and error in the admission of certain evidence. However, these questions were not properly presented to the trial court in the motion for a new trial. Therefore, we cannot consider them.

Judgment affirmed.

Crumpacker, J.—Not participating.

## ON PETITION FOR REHEARING

ROYSE, P. J.—In his petition for rehearing appellant contends we did not pass on the issues presented by his second paragraph of complaint, which asked damages for loss of his wife's services and consortium. In our original opinion we stated that because of the conflict in the evidence as to whether appellant had sustained compensable injuries we could not disturb the verdict of the jury. We adhere to that statement. However, as to appellant's right to recover on his second paragraph, even if we consider only the evidence most favorable to appellant, he would at most be entitled only to nominal damages. We will not reverse for a failure to assess nominal damages.

The petition for rehearing is denied.

Crumpacker, J.—Not participating.

NOTE.—Reported in 82 N. E. 2d 270; opinion on Petition for Rehearing reported in 83 N. E. 2d 52.