PICKETT v. KOLB, ET AL.

[No. 20,539. Filed December 19, 1967. Rehearing denied January 17, 1968. Transfer granted May 23, 1968.]

*John D. Clouse, Ross E. Myers* and *Benjamin E. Buente, Jr.,* of Evansville, for appellant.

*Isadore J. Fine, Joe S. Hatfield, Charles H. Sparrenberger,* and *Eugene P. Fine,* of Evansville, and *Edward E. Meyer,* of Evansville, of counsel, for appellee.

PFAFF, J.—On or about the first day of December, 1961, the appellant, Lula M. Pickett, was operating her automobile in a westerly direction over and upon Pollack Avenue in the city of Evansville, when she collided with a tractor, towing a plow which was also being operated in a westerly direction by the appellee, Glenn Ray Heldt. Appellant alleges in her complaint that the collision resulted from the failure of the appellee to have two red lights mounted on the rear of the tractor and visible therefrom.

Trial was had by jury and a verdict returned for the appellees. Appellees moved for a judgment and judgment was entered thereon, which reads as follows:

> "IT IS THEREFORE CONSIDERED AND ADJUDGED that plaintiff take nothing by her Amended Complaint herein, and that the defendants recover their costs herein."

It is from this judgment that this appeal arises, the appellant assigning as error the overruling of her motion for new trial.

Appellant's first contention that the verdict of the jury is contrary to law is presented for this court's consideration in her brief in the following manner:

> "The appellant has, above in this brief set out a condensed recital of the evidence in narrative form. It appears, *supra,* at pages 77 to 169, and appellant here incorporates it by reference in this part of her brief. This evidence conclusively establishes appellant's right to recover from appellees, but appellant will not belabor this point, trusting in the Court's critical reading of the evidence."

The appellees reply to this contention by claiming that the appellant did not comply with Rule 2-17 (e) of the Rules of the Supreme Court.

Rule 2-17 (e) of the Rules of the Supreme Court, provides in part, as follows:

". . . [A]fter each cause for a new trial relied upon, there shall be concisely stated the basis of the objection to the ruling complained of, exhibiting clearly the points of fact and of law being presented, and how they are applicable, citing the authorities and the statutes relied upon, and setting out verbatim the relevant parts of such statutes as are deemd to have an important bearing."

It is the opinion of this court that appellant did not sufficiently comply with Rule 2-17 (e) ; therefore, 2-17 (f) of the afore-mentioned rules, has waived this error on appeal.

The appellant next urges as error the sustaining of appellees' objection to the question hereinafter set forth, propounded by the appellant during the examination of a police officer, a witness called on behalf of appellant. The question and objection reads as follows:

"Q.  Then, officer, I will ask you again, if you can tell us what speed is indicated by skid marks of 120 feet?

"The objection recorded to this question and the court's ruling thereon, reads as follows:

" 'MR. HATFIELD: To which the defendant will object. First, upon the ground that the officer is not permitted to give an opinion as to speed, but can only testify as to facts which he observed at the scene of the accident. Second, for the reason that opinion evidence in this type of situation is not called for or permissible under the rules. Third, for the reason that any conclusion which the officer might draw invades the province of the jury; the jury being the person to determine those conclusions from the facts and evidence in this case, and in addition, for the further reasons, that the officer has merely testified that he had some training. He has not outlined what the training was. He has only testified then that he had experience and that experience according to his own testimony was the result of investigating accidents without being shown there was a known speed scientifically established at the time of the accident involving a skid mark which he testified he may have measured. For each of those reasons, in particular, because of the Ligon Dickerson Case, we think it's highly improper to permit this witness to render an opinion when

he did not see the occurrence; did not see the vehicles in motion and only testifying from skid marks which would involve numerous other factors which are not involved and included in the question.

" 'COURT: The court will sustain the objection at this time.

"It is to be noted that this same witness had previously been asked the question:

" 'Based on the experience that you have, investigating accidents and making reports, what sort of speed would you say would cause a vehicle to leave 120 feet of skid marks? —to which objection was made and the Court's ruling appears as follows:

" 'MR. HATFIELD: To which the defendant will object. For the reason, that the question calls for a conclusion of the witness. The witness is permitted only to testify as to what he oberved at the scene of the accident and is not permitted to give opinions or anyone elses and also invades the province of the jury.

" 'COURT: I am going to sustain the objection. On the basis I don't think there is enough qualification, qualifying evidence here to show that this man is qualified at the present time to give an estimate of the speed when there are skid marks; there are so many variable factors that go into skid marks.' "

The record reveals that the trial court sustained the objection on the basis that the witness was not properly qualified as an expert witness.

It is well settled that the determination as to when a witness is competent to testify as an expert is largely within the discretion of the trial court. *Linton-Summit Coal Co.* v. *Hutchison* (1953), 232 Ind. 369, 111 N. E. 2d 819; *Pettibone* v. *Howard* (1941), 218 Ind. 543, 34 N. E. 2d 12; *Public Utilities Co.* v. *Handorf* (1916), 185 Ind. 254, 112 N. E. 775. Further, the decision will be set aside only where there is a manifest abuse of discretion or no evidence to support it. *Chicago and Erie R. Co.* v. *Monesmith* (1941), 110 Ind. App. 281, 37 N. E. 2d 724.

It is the opinion of this court that the trial court did not abuse its discretion in holding that the witness was not

qualified to testify on a subject matter which he felt required the knowledge and experience of an expert.

Appellant also asserts as error the sustaining of appellees' objections to two questions put to the lay witness, Christine Taylor, the first question being:

"Q. Did you hear her complain about any aches or pains before December 1, 1961?"

and the second question being:

"Q. Now, after the accident, Mrs. Taylor, did you ever hear her make any complaint about aches or pains?"

A review of the record will show that the theory of the court in sustaining appellees' objection was that the questions were not properly drafted to show a *spontaneous expression*. The record will also show that the facts sought to be proved were nevertheless established by the testimony of the same witness and by the testimony of other witnesses.

It has been held by the Supreme Court of Indiana that the exclusion of evidence is harmless where the facts sought to be established by such evidence were established by other evidence. *Boxell* v. *Bright Nat. Bank* (1916), 184 Ind. 631, 112 N. E. 3; *American Maize Products Co.* v. *Widiger* (1917), 186 Ind. 227, 114 N. E. 457; *Koehler* v. *Harmon* (1913), 52 Ind. App. 315, 98 N. E. 1009; *Home Ins. Co.* v. *Strange* (1919), 70 Ind. App. 49, 123 N. E. 28, 123 N. E. 127; *Lahr* v. *Broyles* (1927), 86 Ind. App. 33, 155 N. E. 709.

In view of existing circumstances, we are of the opinion that no reversible error was made in said rulings even though such evidence might have been competent.

The appellant further contends that the trial court erred in sustaining the objection of the defendants to the question hereinafter set forth, propounded by the plaintiff during the cross-examination of Sylvester L. Johnson, a witness called on behalf of the defendants, and in excluding the answer of such

witness, which question, objection and ruling of the Court are in the following words:

" 'Q. And who paid you to do this inspection?

" 'MR. HATFIELD: To which we object. Employment was made on behalf of the defendant; the inspection was made on behalf of the defendants.

" 'COURT: We will have a short recess. Jury will leave the Court room.

. . . . .

" 'COURT: The court is going to make this ruling. He is going to instruct counsel not to ask any questions in this cause which would elicit from the witness that there is insurance involved in this case.' "

The witness in question had made an inspection of the appellant's automobile and it was certainly permissible to inquire into the possible interest of the witness. However, it appears obvious to this court that appellant's counsel by the question in chief was attempting to inject into the case the matter of insurance.

It is well established that it is ordinarily improper to inject the matter of insurance into the trial of an action for damages where no issue of insurance is involved. In *Miller* v. *Alvey* (1965), 246 Ind. 560, 5 Ind. Dec. 551, 207 N. E. 2d 633, at page 637, it is stated:

" 'Decisions of this State recognize the rule that in an action for damages growing out of an automobile accident, evidence as to insurance carried by the defendant is ordinarily inadmissible, not only because it is irrelevant but because it tends to prejudice the jury against the defendant. See: *Martin* v. *Lilly* (1919), 188 Ind. 139, 146, 121 N. E. 443, 445; *Flamion* v. *Dawes* (1929), 91 Ind. App. 394, 400, 169 N. E. 60, 62; see also: *City of Terre Haute* v. *Deckard* (1962), 243 Ind. 289, 295, 183 N. E. 2d 815, 818' " *Strand* v. *Pedersen* (1967), 140 Ind. App. 621, 224 N. E. 2d 689, 10 Ind. Dec. 273. (Transfer denied).

It is the opinion of this court that the trial court properly prevented the injection of insurance into the evidence by sustaining the appellees' timely objection.

Appellant next assigns as error the refusal of the trial court to give appellant's tendered Instructions Nos. 6 and 7 which read, as follows:

### Instruction No. 6

" 'The Court instructs you that in reaching a verdict you must take into consideration all of the evidence introduced in this cause and that in so doing you are not limited to the testimony of witnesses, but you may also consider any physical facts or conditions or circumstances, if any, which you find true by a preponderance of all of the evidence.' "

### Instruction No. 7

" 'The Court instructs you that contributory negligence on the part of the plaintiff is not presumed in this case; it must be proved by a preponderance of all of the evidence; the defense of contributory negligence presupposes or admits negligence on the part of the defendant, or otherwise the plaintiff could not be charged with contributory negligence.' "

It is well settled that where tendered instructions are covered by other instructions given, there is no reversible error in refusal to give them, even though they do contain a correct statement of the law. *Keeshin Motor Express Co.* v. *Sowers* (1943), 221 Ind. 440, 48 N. E. 2d 459; *Block* v. *Talge* (1943), 221 Ind. 658, 51 N. E. 2d 81; *Adkins* v. *Poparad* (1943), 222 Ind. 16, 51 N. E. 2d 476; *Ott* v. *Perrin* (1945), 116 Ind. App. 315, 63 N. E. 2d 163; *Magenheimer* v. *State ex rel. Dalton* (1950), 120 Ind. App. 128, 90 N. E. 2d 813; *Hamling* v. *Hildebrandt* (1949), 119 Ind. App. 22, 81 N. E. 2d 603; *Sevald* v. *Chicago & Calumet Dist. Transit Co.* (1949), 119 Ind. App. 33, 82 N. E. 2d 270, (rehearing denied), 83 N. E. 2d 52; *Wagner* v. *Howard Sober, Inc.*, (1949), 119 Ind. App. 617, 86 N. E. 2d 719, (rehearing denied), 119 Ind. App. 617, 87 N. E. 2d 888.

In the case in chief, appellant's Instruction No. 4 and appellees' Instruction No. 12 were given which dealt with the sub-

stance in appellant's tendered Instructions Nos. 6 and 7. Said instructions read as follows:

### Appellant's Instruction No. 4

" 'It is not required that every material fact upon which the plaintiff bases her cause of action must be established by direct and positive evidence to entitle her to recover. But it is within the legitimate province of the jury to draw reasonable and natural inferences from the facts and circumstances proven by a preponderance of all of the evidence.' "

### Appellees' Instruction No. 12

" 'The defense of contributory negligence is an issue in this case. If you find from the preponderance of the evidence that the plaintiff, Lula M. Pickett, failed to use reasonable care to avoid the accident described in the plaintiff's amended complaint and that such failure proximately contributed to cause the accident and injuries of which she now complains, then the plaintiff cannot recover from the defendants, even though the defendants may have been guilty of some negligence.' "

It is the opinion of this court that the law applicable to the issues discussed in appellant's tendered Instructions Nos. 6 and 7 were given to the jury by appellant's Instruction No. 4 and appellees' Instruction No. 12; hence, it was not error to refuse additional instructions on the same subjects.

Appellant also assigns as error the refusal of the trial court to give appellant's tendered Instructions 9 and 10.

Appellant in support of these assignments of error, fails to show by cogent argument in what manner she was prejudiced by the trial court's refusal to give the aforementioned instructions. Therefore, under Rule 2-17 (e) of the Rules of the Supreme Court of Indiana, said contention is waived.

Appellant, in her last assignment of error, contends that the trial court erred in giving to the jury appellees' Instructions Nos. 9, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 29 and 31.

Many of these instructions are not discussed in any portion of appellant's brief. Appellant has not discussed asserted error in giving appellees' Instructions Nos. 9, 16, 21, 22, 23 and 29. Appellant, not having argued these alleged errors, such asserted errors are waived under Rule 2-17(e), *supra*. *Stevens* v. *Pinegar* (1965), 137 Ind. App. 94, 205 N. E. 2d 320.

Appellant's contention that it was error to give appellees' Instructions Nos. 14, 15, 18, 20 and 31 has been thoroughly examined by this court and no reversible error found.

Appellant next contends that it was error to give appellees' Instructions Nos. 17 and 19, based on insufficient evidence. A review of the record reveals that in our opinion sufficient evidence was presented to warrant the giving of the aforementioned instructions.

During oral argument appellant fervently contended that the trial court erred in refusing to give appellant's Instruction No. 11. However, the argument portion of appellant's brief does not include a discussion of this contention. Therefore, under Rule 2-17(e), *supra,* appellant has waived this alleged error.

From a complete review of the entire record of this case, it appears to us that the case was fully and fairly tried and that the court did not err in overruling the appellant's motion for new trial and its decision therefore should not be disturbed.

Judgment affirmed.

Cook, P. J., Bierly and Smith, JJ., concur.

NOTE.—Reported in 231 N. E. 2d 856.