McCRANEY, GUARDIAN *v.* KUECHENBERG

[No. 468A65. Filed June 10, 1969. No petition for rehearing filed.]

*Clarence Borns, Thomas E. Kotoske* and *Call, Call, Borns & Theodoros,* of Gary, for appellant.

*Robert J. Addison* and *Clarence J. Greenwald,* both of Gary, for appellee.

SULLIVAN, J.—On April 15, 1968, plaintiff-appellant filed his transcript and assignment of errors. On May 31st, 1968, said appellant filed a petition to make additional marginal notes in said transcript. On the same date, appellee filed her motion to dismiss or in the alternative to affirm the judgment below, alleging as grounds thereof that marginal notes were not contained in the transcript as required by Indiana Supreme Court Rule 2-5 and that appellant, as guardian of the Estate of Steven Michael McCraney, an incompetent, was not a party to the judgment and therefore has no appealable interest and alleging further that there should have been joined as an additional party appellee the original co-defendant. On July 30, 1968, this Court entered an Order authorizing appellant to make additional marginal notations and on said date overruled appellee's motion to dismiss but held in abeyance its ruling upon appellee's motion to affirm.

The appellant, as the father and next friend of Stephen Michael McCraney, a minor, brought this action for personal injuries against appellee, Margaret R. Kuechenberg and against Alfred J. Kuechenberg, as co-defendants. When Stephen Michael McCraney was later adjudged incompetent appellant was appointed guardian of his estate and was substituted as plaintiff below. During the course of the trial, the cause was dismissed against the co-defendant, Alfred J. Kuechenberg, without objection by this appellee. By reason of the facts hereinabove set forth, it is our opinion that said motion to affirm should be and it is hereby overruled.

As to the merits, the evidence discloses that on the night of February 19, 1963, plaintiff-appellant's ward was walking

alternately on and off the travelled portion of a dark and narrow public highway in Lake County, Indiana, with a friend, both of whom were dressed in dark clothing. Said ward was walking in or adjacent to the same lane as traffic approaching from his rear despite the fact that there was a path which would permit the boys to walk "Indian file" and not encroach on the blacktop highway. There was further evidence that the defendant was operating a motor vehicle approaching the boys from the rear and that when she noticed the boys in front of her car she immediately applied her brakes, laid down 35 feet of skid marks, but was unable to avoid striking Steven Michael McCraney.

At the conclusion of plaintiff's evidence the trial court refused to direct a verdict for the defendant-appellee. Following submission of defendant's evidence the jury returned a verdict for defendant upon which judgment was entered. The overruling of appellant-plaintiff's motion for new trial is here assigned as error.

Appellant's first contention relates to the refusal of the trial court to permit a deputy sheriff who was not an eye-witness to give an opinion as to the speed of defendant's automobile at the time of the collision.

Not unaware of our holdings in *Briney v. Williams* (1968), 143 Ind. App. 691, 242 N. E. 2d 132; *McDonald v. Miller* (1968), 143 Ind. App. 606, 242 N. E. 2d 39; and *Presser v. Shull* (1962), 133 Ind. App. 553, 181 N. E. 2d 247, we nevertheless do not here hold that law enforcement officers cannot be qualified by training, experience, or both, so as to properly testify concerning their opinions in various facets of accident investigation or reconstruction. See generally, *Rimco Realty & Investment Corp. v. LaVigne* (1943), 114 Ind. App. 211, 50 N. E. 2d 953; 13 I.L.E. *Evidence* §§ 254 and 291; nor do we here rule upon the question of admissibility of opinion evidence by a non eye-witness relative to speed under circumstances different than here presented. See generally, *Kuhn*

*v. Stephenson* (1928), 87 Ind. App. 157, 161 N. E. 384; *Lake Erie & Western R.R. Co. v. Moore* (1912), 51 Ind. App. 110, 97 N. E. 203; and *Rump v. Woods* (1912), 50 Ind. App. 347, 98 N. E. 369. In a proper case such evidence might well be admitted and left to the trier of fact to weigh in the light of all other evidence upon that issue. We do hold, however, that exclusion of the witness' opinion was proper here.

The specific question put to the witness was as follows:

"Do you have an opinion based on the skid marks, the evidence that you have observed at the point of impact, your experience as a police investigator as to whether or not this woman was exceeding the speed and if so what speed was she going at?"

Appellee's objection to the question was that:

"There is no basis for such an opinion to be given by this officer as an expert's opinion."

It is appellant's contention that exclusion of this deputy's testimony was erroneous because all the evidence showed him to be a competent expert and because appellee-defendant did not negate by her own evidence or by cross-examination the "prima facie" showing of competence and qualification. In this regard, suffice it to say that the burden of establishing the qualifications of a witness in order to permit him to testify as an expert is upon the party seeking to have such evidence admitted. It is not the burden of the adversary to prove that said witness is not qualified. 31 Am. Jur. 2d, *Expert & Opinion Evidence,* § 31. Further, whether any such witness is qualified to testify as an expert is for the determination of the trial court whose decision will be set aside only where there is a manifest abuse of discretion. *Chicago & Erie R. Co. v. Monesmith* (1941), 110 Ind. App. 281, 37 N. E. 2d 724.

To accept appellant's contention would require us to hold that a deputy sheriff with eight years law enforcement ex-

perience, only three of which were devoted to accident investigation, is, as a matter of law, qualified to testify as an expert upon the speeds of motor vehicles under any and all circumstances. We cannot and will not do so. See *Indiana Union Traction Co. v. Hiatt* (1916), 65 Ind. App. 233 at 248, 114 N. E. 478.

Appellant did not address himself to the related but distinct question of the foundation laid for the question posed despite the fact that appellee's objection was thus confined in that it was directed solely to the "basis" for such opinion. Compare *Carthage Turnpike Co. v. Andrews* (1885), 102 Ind. 138, 1 N. E. 364.

Whether a witness' sources of information are sufficiently reliable to warrant reception of an opinion is for the trial court in the exercise of its discretion to determine and we hold that the admissibility of such opinion is necessarily dependent upon the laying of a proper factual foundation. *Western & Southern Life Ins. Co. v. Danciu* (1940), 217 Ind. 263, 26 N. E. 2d 912; *Whittaker v. Van Fossan* (4th Cir. 1961) 297 F. 2d 245; *Ross v. Newsome* (5th Cir. 1961) 289 F. 2d 209; *Chesapeake & Ohio Ry. v. Schlink* (6th Cir. 1960) 276 F. 2d 114; 32 C.J.S., *Evidence* § 546(63). The question posed to the witness here did not include sufficient physical facts to justify an opinion as to speed by any non eye-witness, expert or otherwise. Nor did the prior evidence establish such physical facts.

In the case before us the witness' testimony prior to the proffered opinion dealt with his knowledge subsequent to the accident concerning weather and road conditions, degree of darkness, presence of skid marks and debris, distance from such debris where the automobile was found at rest, the apparent distance plaintiff-appellant's ward was thrown by impact and the portions of the vehicle which were damaged.

There are other relevant factors indispensible here to a probative opinion on speed. Such factors may include, but

are not necessarily restricted to, the weight and load of the vehicle as well as its condition and that of its brakes and tires. See *Whittaker v. VanFossan, supra,* and *Ross v. Newsome, supra.* Even if the officer were competent to render an opinion as to speed such opinion would not be admissible if he failed to take into account every factor essential to the formulation of that opinion. The specific question posed to the officer here, even when coupled with his prior testimony, lacked the requisite physical elements or foundation to allow *any* opinion, expert or otherwise concerning speed.

Appellant next contends that the giving of appellee-defendant's Instruction concerning the doctrine of "sudden emergency" was improper. Appellant reasons that because there was some evidence of negligence by defendant the doctrine of sudden emergency was inapplicable. Appellant also contends that said instruction omits any clear statement of the required element that defendant be free of any negligence and that said instruction is therefore an erroneous mandatory version of the doctrine.

Said instruction reads as follows:

### "INSTRUCTION NO. 15

"You are instructed that where a person is confronted with a sudden emergency not of his own making without sufficient time to determine with certainty the best course to pursue, he is not held to the same accuracy of judgment as would be required of him if he had had time for deliberation. Accordingly, if he exercises such care as an ordinary prudent person would exercise when confronted by a like emergency, he is not liable for an injury which resulted from his conduct, even though another course of conduct would have been more judicious or safer or might even have avoided the accident.

"So in this case, if you find that Margaret R. Kuechenberg was faced or confronted with a sudden emergency not of her own making and that she then pursued the course that an ordinary prudent person would pursue or follow when confronted by the same emergency, but the collision

and accident to Stephen Michael McCraney, nevertheless resulted, then Margaret R. Kuechenberg would not be liable, even though you believe that another course of action or conduct than that which she pursued when confronted with the said sudden emergency, would have been more judicious, or safe, or might even have avoided the collision and accident."

It is well established that each party is entitled to have the jury instructed upon his particular theory of complaint or defense. *Scott v. Sisco* (1959), 129 Ind. App. 364, 156 N. E. 2d 895; *Deming Hotel v. Prox* (1968), 142 Ind. App. 603, 236 N. E. 2d 613. Appellant contends that because there is some evidence from which a jury might properly infer negligence on the part of defendant-appellee, and because the Court gave instructions with reference to such alleged negligence, the doctrine of sudden emergency could not be properly applied. Appellant by this ingenious argument attempts to lift himself by his own bootstraps and arrives at the conclusion that *some* evidence of negligence is, by the instructions, miraculously converted into negligence as a matter of law. The mere fact that certain of appellant's tendered instructions were given by the court upon appellant's theories concerning statutory speed requirements and failure to exercise due care to avoid collision, does not and cannot preclude the giving of an instruction representing appellee-defendant's theory of the case, so long as such theory is supported by the evidence. *Kiger v. Arco Auto Carriers, Inc.* (1969), 144 Ind. App. 239, 245 N. E. 2d 677.

In *Taylor v. Fitzpatrick* (1956), 235 Ind. 238, 247, 132 N. E. 2d 919, the Supreme Court set forth the three essential facts necessary for invocation of the "sudden emergency" doctrine:

"(1) That the appearance of danger or peril was so imminent that he had no time for deliberation. (citation omitted) ;

"(2) That the situation relied upon to excuse any failure to exercise legal care was not created by his (appellant's) own negligence. (citations omitted) ;

"(3) That his conduct under the circumstances was such as the law requires of an ordinarily prudent man under like or similar circumstances. (citations omitted)"

In our opinion the evidence presented shows those essential elements were present at the time of the accident.

Instruction 15 here has evidentiary support in that the night was dark, plaintiff-appellant's ward and his companion wore dark clothing and were walking upon the wrong side of a narrow road and upon the travelled portion thereof. Defendant-appellee saw plaintiff's ward only a second or so before impact and applied her brakes laying down skid marks.

Appellant would have us overrule our decision in *Buckner v. Wilson* (1967), 141 Ind. App. 272, 227 N. E. 2d 462, wherein a virtually identical instruction was approved. We now reaffirm that decision as well as our recent decisions in *Doi v. Huber* (1969), 144 Ind. App. 451, 247 N. E. 2d 103; *Kiger v. Arco Auto Carriers, Inc., supra,* and *Paxton v. Ferrell* (1969), 144 Ind. App. 124, 244 N. E. 2d 439, in holding that defendant-appellee's Instruction No. 15 was properly given.

The third and final contention of appellant is that the trial court erroneously fixed the number of instructions in excess of ten which each party could tender.

Appellant does not seek to controvert the order book entry made by the court which did, in fact, fix the number at 31, but argues rather that such figure was not determined or fixed until after said court had already requested the parties to exchange proposed instructions.

Indiana Supreme Court Rule 1-7(1) governs this area of procedure and is as follows:

". . . However, the trial court, in its discretion, may fix a greater number in a particular case, which number shall be stated of record by an order book entry made by the court . . ."

Nothing in the rule refers to "prior to exchange". There can be no reversible error merely because the court failed to advise both parties that additional instructions could be exchanged and tendered once the figure of 31 was fixed.

It would appear from appellant's argument that he seeks "guidelines" concerning the stage of the proceedings at which the trial court should fix the number of instructions it will accept upon tender by the respective parties.

If such guidelines are to be established, it is the opinion of this Court that they must emanate from the Supreme Court which phrased Rule 1-7(1) in its present form.

The judgment of the trial court is hereby affirmed and the costs of this appeal are assessed against appellant.

Lowdermilk, P. J., Carson and Cooper, JJ., concur.

NOTE.—Reported in 248 N. E. 2d 171.