Charles R. HERGENROTHER, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 1–181A27.

Court of Appeals of Indiana,
First District.

Sept. 1, 1981.

Rehearing Denied Oct. 7, 1981.

Charles L. Berger, Evansville, for appellant.

Linley E. Pearson, Atty. Gen., Richard Albert Alford, Deputy Atty. Gen., Indianapolis, for appellee.

ROBERTSON, Judge.

Charles R. Hergenrother appeals his conviction for reckless homicide, a Class D felony, for which he received a two year sentence.

We affirm.

The facts favorable to the State reveal that the defendant was driving a pick-up truck on Oakhill Road, a narrow two lane road in Vanderburgh County, on June 29, 1979, at approximately 6:30 P.M. It was light and the weather was clear. Hergenrother was driving north and was accompanied by two friends. They saw a van approaching from the north, going south, and recognized it as belonging to a friend, John Cravens. From this point on accounts vary, but all eyewitnesses' testimony, including the defendant's testimony, shows that Hergenrother intentionally swerved his truck into the oncoming lane. This was done as a greeting in accordance with a custom among local teenagers. Cars would weave across the centerline of the highway and occasionally pass each other on the wrong oncoming side as a greeting. The eyewitness' accounts vary about who weaved across the centerline first, about the distances involved, and about how many times

the vehicles weaved back and forth. All the witnesses agree that Hergenrother's truck was across the centerline when it collided with Craven's van. As a result of the collision, Craven's girl friend, Beth Smith, received fatal injuries.

Subsequently a charge of reckless homicide was brought against the defendant. During pretrial discovery proceedings, the trial court ordered Hergenrother to produce an accident report for the State. The report had been compiled by an agent for Hergenrother's insurance company in preparation for civil litigation arising from the accident. Before trial, and at trial, Hergenrother sought to have an accident reconstruction expert called as a witness at the State's expense because of his indigency. This request was denied. The State, however, did put on an accident reconstruction expert who had examined the accident scene and gave his opinion that Hergenrother's vehicle was almost entirely in the oncoming lane when the accident occurred.

Hergenrother argues the trial court denied him due process and abused its discretion in requiring him to turn over his insurance company's report to the State; that the trial court abused its discretion in denying his request for an expert witness and therefore, also denied him due process of law; that the trial court erred in admitting the testimony of the State's expert witness because a sufficient foundation was not laid for it; that the trial court erred in giving final instructions; and that his conviction was not supported by sufficient evidence.

■ Turning to Hergenrother's allegation that the trial court erred in requiring him to produce the insurance company's report, we agree that this material should not have been subject to a discovery order. As the defendant points out, witness statements taken by a defendant, his agents, or his attorney, in anticipation of litigation are not subject to pre-trial discovery over timely work-product objections. *Spears v. State*, (1980) Ind., 403 N.E.2d 828; *George v. State*, (1979) Ind.App., 397 N.E.2d 1027. An erroneous discovery order does not require reversal unless the defendant has

been prejudiced by the evidence produced. *Spears v. State, supra; George v. State, supra.* Hergenrother concedes he was not prejudiced by the discovery and the facts reveal that the State did not make use of the report to supply any missing element in its case, so there is no basis for reversal on this issue.

Hergenrother argues he was denied due process by the trial court's refusal to have the State bear the costs of an accident reconstruction expert; costs which he could not assume because of his indigency. He relies on *Himes v. State*, (1980) Ind., 403 N.E.2d 1377, to support his argument. In *Himes*, our supreme court set forth the following criteria for reviewing the issue of whether an indigent criminal defendant was entitled to expert assistance at public expense:

The subject has been treated in considerable detail at 34 A.L.R.3d 1256, and it appears that, absent a statute, a rule or due process requirements of fundamental fairness, an indigent defendant is not entitled to the employment at public expense of experts to assist his attorney in the preparation of his case. The entitlement to such assistance has been generally held to rest in the discretion of the trial court. The determination must be made in the context of the case and we are of the opinion that only a clear abuse of that discretion will loom as a denial of due process.

403 N.E.2d at 1378.

■ In *Himes*, the defendant failed to show that his use of the expert would be more than exploratory and the denial of his request was upheld. Hergenrother distinguishes his situation from the *Himes* case on the grounds that his expert had specific information about the accident within his knowledge and therefore, the purpose of his request was not merely exploratory. We don't disagree with the defendant's reasoning as far as it goes. However, in the context of this case, we do not see how he was denied due process. The insurance company's report, which the defendant offered to show the facts within the request-

ed expert's knowledge, does not directly contradict the eyewitnesses' accounts, or the testimony of the State's expert, which placed the defendant's vehicle over the centerline of the highway. The report merely differs in that it placed Craven's vehicle further over the centerline than the defendant's truck. Therefore, Hergenrother was not denied evidence beneficial to his case in violation of concepts of fundamental fairness and due process.

■ Hergenrother also contends the trial court erred by allowing the State's accident reconstruction expert, Sgt. Badger, to testify because a proper foundation was not laid for his opinion. A trial court has broad discretion to determine the qualifications of an expert and to admit opinion evidence. A trial court's decisions will only be reversed for an abuse of this discretion. *Travelers Indem. Co. v. Armstrong,* (1979) Ind.App., 384 N.E.2d 607. Hergenrother relies on *McCraney v. Kuechenbert,* (1969) 144 Ind. 629, 248 N.E.2d 171, a case where a deputy Sheriff's testimony was excluded, although the deputy was experienced and familiar with accident investigation, because the question posed did not contain sufficient physical facts to justify an opinion. "Nor did the prior evidence establish such physical facts." 248 N.E.2d at 174.

In the case at bar, Sgt. Badger testified that he had investigated the scene of the accident and taken various measurements pertaining to the vehicles' locations, skid marks, tire tread patterns, and damage, as well as other observations. He did not recite all these facts, but instead explained that he had made drawings, to scale, depicting the area as he found it. The drawings were introduced at trial. Based on this information, he reconstructed the accident and gave his opinion about where the vehicles were located at various times including impact. We think this was a sufficient foundation for his opinion.

■ Hergenrother next contends the trial court erred by refusing to give two of his tendered instructions. First he asserts the trial court erred in denying his tendered instruction, numbered 1, which explained

the presumption of innocence to which a criminal defendant is entitled. The trial court gave several instructions which detailed the State's burden of proof, explained the concept of reasonable doubt, and clearly explained and emphasized the presumption of innocence given to a defendant. These instructions adequately covered the issues raised by the tendered instruction and there was no error in refusing it. *Gilmore v. State,* (1981) Ind., 415 N.E.2d 70.

■ Second, Hergenrother alleges error in the denial of his tendered instruction, numbered 6, which said in essence that if the evidence revealed the accident was caused by his negligence, his thoughtlessness, or an error in his judgment, then the evidence would not support a charge of reckless homicide. The trial court gave an instruction which stated that if the evidence did not prove beyond a reasonable doubt that the defendant recklessly killed another human being, but instead merely established that the defendant acted negligently, thoughtlessly, or from an error in judgment, then the defendant was not guilty of reckless homicide. The given instruction was almost identical to the tendered instruction and there was no error in refusing the tendered instruction. *Gilmore v. State, supra.*

■ Finally, Hergenrother argues the evidence was insufficient to support his conviction. This argument is predicated on the idea that because the defendant was acting in accordance with the prevalent local custom of weaving across the centerline to greet friends, he was not acting recklessly. We find no merit in this reasoning. The defendant admitted he was violating a state statute and that he intentionally crossed the centerline, not to avoid a road hazard, but to greet his friend. It is clear that in adhering to this dangerous local custom, the defendant acted in conscious and unjustified disregard of the harm which might befall others, thus satisfying the statutory criteria for reckless conduct, Ind.Code 35–41–2–2(c), and in turn caused a death, thus

satisfying the elements for reckless homicide required by Ind.Code 35–42–1–5.

Judgment affirmed.

NEAL, P. J., and RATLIFF, J., concur.