Richard GRAVES, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 49A02–8808–CR–00309.

Court of Appeals of Indiana,
Second District.

Dec. 18, 1989.

Richard Kammen, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Wendy Stone Messer, Deputy Atty. Gen., Indianapolis, for appellee.

SHIELDS, Presiding Judge.

Richard Graves appeals his convictions for fraud on a financial institution, forgery, and theft.

We affirm.

## ISSUES

I.  Whether there is sufficient evidence to support Graves's conviction for forgery.

II.  Whether the trial court abused its discretion in refusing to qualify Graves's witness as a handwriting expert.

## FACTS

On November 18, 1986 Richard Graves opened an account at the Finance Center Federal Credit Union (Credit Union) in the name of George Graves.  Later the same day and on the next day, several checks written by Richard Graves to George Graves were deposited into this account.  These checks were drawn on business accounts on which Richard Graves was the person authorized to make withdrawals.  It is unknown who endorsed and deposited the checks.  All checks were returned not paid and marked NSF, nonsufficient funds.  On November 19, two cashier's checks payable to "George L. Graves and Probation Dept." were drawn on the Credit Union account; the withdrawal slips were written by Richard Graves.  The identity of the person who signed in receipt of the withdrawn funds is unknown.  The cashier's checks were used to pay Richard Graves's fine in an unrelated matter.

## DISCUSSION

### I.

Richard Graves argues the evidence is insufficient to support his conviction for forgery in that it fails to show an intent to defraud.  We disagree.  Intent can be inferred from circumstantial evidence.  *Dun-*

*can v. State* (1980), 274 Ind. 144, 409 N.E.2d 597. The evidence is Richard Graves opened an account at the Credit Union using the name of George Graves, deposited NSF checks from his own accounts into that account, prepared withdrawal slips, and received the benefit of funds drawn from the Credit Union account. A trier of fact could reasonably conclude from this evidence that Richard Graves intended to defraud the Credit Union when he uttered the signature card opening the account in the name of George Graves.

## II.

Richard Graves argues that the trial court abused its discretion in refusing to qualify his witness as a handwriting expert. We disagree. Richard Graves correctly notes that "[t]he trial court's determination of whether a witness is qualified to give expert testimony is a discretionary ruling which will not be disturbed absent an abuse of discretion. *Fox v. State* (1987), Ind., 506 N.E.2d 1090; ..." Appellant's Brief at 19.

The burden of proving the witness is qualified rests with the party seeking to present the expert. *McCraney v. Kuechenberg* (1969), 144 Ind.App. 629, 248 N.E.2d 171, 173. Here, the trial court did not abuse its discretion when it determined Richard Graves failed to show his witness was an expert in the area of handwriting identification. The witness testified she was a graphoanalyst, a graduate of the International Graphoanalysis School in Chicago, a member of the International Graphoanalysis Society and the World Association of Document Examiners, and had previously testified as an expert on four occasions.

Indiana's rules are very liberal concerning the qualifications of an expert. *Martin v. Roberts* (1984), Ind., 464 N.E.2d 896. Nevertheless, in reviewing the exercise of a trial court's discretion, the question is not whether the court ruled contrary to how we would have ruled or whether the court was right or wrong, but whether the court's decision was arbitrary or clearly erroneous.

In her testimony the witness explained that as a graphoanalyst she had studied the basics of document examination and personality assessment. However, the term "graphoanalysis" is not found in dictionaries. It is a word apparently coined by the school or society; according to the witness, it is a trademark. No explanation was offered as to how the witness's graphoanalyst's training in the slant, stroke, structure, spacing and pressure of handwriting enabled her to compare handwriting to determine whether the author of a known signature was or was not the author of a questioned signature, the issue in question here. Other than evidence that qualifications for membership in the International Graphoanalysis Society are a "good track record in document examination," Record at 529, or being a graduate of the Chicago school, the record is devoid of identifiable standards for membership in the organizations to which the witness belonged. Therefore, notwithstanding her previous acceptance as an expert, we conclude the trial court did not abuse its discretion in excluding the proffered testimony based upon an inadequate foundation for the witness's expertise.

Judgment affirmed.

SULLIVAN and ROBERTSON, JJ., concur.