LEE, BY HER NEXT FRIEND, ETC. *v.* DICKERSON.

[No. 19,289. Filed June 25, 1962.]

*Berry, Kincade & Allen,* of Terre Haute, and *John J. Thomas,* of Brazil, for appellant.

*Joseph A. Noel, Jump, Noel, Lacey & Angel, Jerry L. Angel,* of Kokomo, *Kenneth C. Miller,* and *Miller & Miller,* of counsel, of Brazil, for appellee.

BIERLY, J.—This action was brought and tried in the Clay Circuit Court wherein appellant, Martha Lee, a minor, by her next friend, sought recovery in damages for personal injuries against the appellee, Brian M. Dickerson. The action arose out of a motor vehicle collision which occurred on February 20, 1955. The collision in question occurred on U. S. Highway 40, approximately three-fourths of a mile east of its intersection with State Highway 43 in Putman County, Indiana.

U. S. Highway No. 40, at the point where the collision occurred, was a dual lane highway running in a generally east and west direction over undulating terrain. The highway was divided into two westbound

lanes and two eastbound lanes. The eastbound section was separated from the westbound section by a grass divider strip.

The collision in question occurred about 7:30 o'clock P. M. on a rainy night. Appellant was a passenger in an automobile which was being driven in a westerly direction over and along the north section of Highway No. 40.

The car in which appellant was riding left the pavement, careened across the dividing strip and onto the south or eastbound section of the highway. The appellee was, at the time, driving his vehicle in an easterly direction over and along the left or north lane of the eastbound section of Highway No. 40. The two automobiles collided.

Appellant initiated this action to recover damages against the appellee for personal injuries which she received in the collision. Appellant was six years of age at the time. The driver of the car in which appellant was a passenger was appellant's mother who was killed in the collision.

Appellant's complaint alleges that appellee was guilty of negligence which was a proximate cause of the injuries sustained by her in the said collision. The complaint alleges in substance, that appellee failed to keep a lookout for the motor vehicle in which appellant was riding; that he operated his vehicle at an excessive rate of speed; that he failed to slow down or stop; that he operated his car in the north rather than the south lane of the south division of the dual highway, when he was not, at the time, passing another vehicle; that he failed to avoid a collision by driving in the south lane; and that he failed to stop without striking plaintiff.

Appellee denied these allegations in his answer, and in addition, he filed a second paragraph of answer wherein he alleged that the sole proximate cause of the collision in question and of appellant's injuries was the negligence of appellant's mother, the driver of the vehicle in which appellant was riding. Said second paragraph of appellee's answer specifically charged that appellant's mother negligently permitted the vehicle to go out of control and careen directly into the path of appellee's vehicle. Appellee could do nothing to avoid a collision, and that appellant's mother failed to yield the right of way to appellee's automobile.

The affirmative matter in appellee's answer was denied by appellant in her reply.

The issues as formed by the pleadings were: Whether or not the appellee was guilty of negligence, which as charged by the complaint, was a proximate cause of the accident; whether or not the negligence of appellant's mother was the sole proximate cause of the collision; and whether or not appellant was entitled to damages against the appellee.

The cause was tried before a jury which found for appellee. The trial court entered judgment upon the verdict for the appellee. Appellant filed a motion for a new trial which the lower court overruled.

Appellant brings this appeal by assigning as error the trial court's overruling of the motion for new trial.

Appellant has expressly waived all specifications of error advanced in her motion for new trial except the following:

"1. The Court erred in overruling appellant's motion to withdraw the submission of the cause from the jury;

"2. The Court erred in permitting the witness Keith J. Young to testify, in substance, that in his opinion the car in which appellant was riding failed to yield the right of way to the defendant.

"3. The Court erred in permitting the witness Keith J. Young to testify, in substance, that in his opinion the car in which appellant was riding was in the wrong lane of traffic not in passing;

"4. The Court erred in permitting the witness Keith J. Young to testify, in substance, that in his opinion there was no improper driving on the part of the defendant;

"5. The Court erred in permitting the witness Gertrude Lee to testify that she had perfected an appeal from the trial of a companion case in which she was plaintiff and which grew out of the same collision as the case at bar."

Appellant submits that by reason of the above errors she was deprived of a fair trial.

Appellant's sister-in-law, Gertrude Lee, who was also a passenger in the same vehicle in which appellant was riding, was called as a witness on behalf of appellant. During the course of cross-examination, counsel for appellee asked the witness if she had any interest in the outcome of the present case. She testified that she was a party plaintiff in a companion case against the appellee which was filed in Tipton Circuit Court.

Counsel for appellee further asked the witness:

"Q. And after that case was heard and determined you now have perfected an appeal and the case is pending in the Appellate Court of Indiana?"

Before an answer was given to the question appellant's counsel, out of the presence of the jury, asked that the case be withdrawn from the jury. The basis of the motion was that by referring to the fact that

the witness had lost her case against appellee and had appealed it to the Appellate Court, appellee's counsel had so prejudiced the jury that appellant could not have a fair and impartial trial. The court overruled appellant's motion.

The court permitted the question to be answered by the witness, but proceeded to admonish the jury by the following statement:

"Members of the jury, the case in which you are engaged as jurors has never been tried before in any court. So far as the case at Tipton (is concerned) about which counsel for the defendant has inquired, there is no evidence as to the outcome of that case and will probably be no evidence as to the outcome and you should not guess or speculate as to the outcome of the case which was tried at Tipton and which is now pending, as the evidence has disclosed, in the Appellate Court of Indiana and is not yet disposed of."

Appellant contends that the admonition not only failed to cure the prejudice which had attached by the jury being advised as to the outcome of the companion case in the trial court at Tipton but compounded it, in emphasizing that it was pending in the Appellate Court.

In addition to the court's admonition to the jury, appellee tendered an instruction, which was given by the court, and which was the only instruction tendered at the trial with respect to the companion case. The instruction was as follows:

"During the trial of this cause various witnesses have mentioned a certain case tried in the Tipton Circuit Court at Tipton, Indiana. That cause of action has no bearing whatever on this case. The plaintiff in this case was not a party in that lawsuit."

Appellee contends that the question propounded to Gertrude Lee was for the purpose of showing possible bias or interest on the part of the witness; that if the question was error, it was cured by the court's admonition and by the instruction tendered and given.

Assuming that the question asked was error, the question which confronts us is whether the error became harmless as a result of the court's admonition and the instruction given or whether, when combined with other errors made by the court, the error became reversible.

After Gertrude Lee left the witness stand, appellant called Keith J. Young, an Indiana State Police Officer, who had investigated the accident, to testify. The witness, on direct examination, testified only upon matters about which he had personal knowledge, garnered from his investigation at the scene. His testimony involved only physical facts discovered by him, including the nature of the highway, the weather, debris upon the pavement and the respective positions of the vehicles upon the pavement. The officer's testimony was derived from a report he had compiled at the scene of the accident, which he used to refresh his recollection on the witness stand.

However, on cross-examination, the witness was asked:

"And officer, as a matter of fact in making your report, you did indicate, did you not, that the Lee car failed to yield the right of way to the Dickerson car?"

Appellant raised an objection which was as follows:

"We object to that Your Honor, for the reason that the law in this case will be given to the jury by the court. And for the witness, for any

witness, to be asked what is lawful or proper or wrong is invading the province of the jury as it will be given instructions as to the law by this court."

The objection was overruled and the witness answered:

"Yes."

The witness was then asked:

"And I will ask you, also, officer, if you didn't find and determine in making your report that the Lee car was on the wrong side of the road not in passing at the time this accident happened?

Appellant's objection was as follows:

"We object to that for the same reason as stated before, Your Honor."

The objection was overruled and the witness answered:

"Yes."

Finally the witness was asked:

"Were there any indications as to improper driving on the Dickerson car as you indicated on the report from which you have testified?"

Appellant's objection was as follows:

"Objection, Your Honor, on the grounds that it calls for a conclusion on the part of the witness and further that it invades the province of the jury."

The objection was overruled and the witness answered:

"No."

Appellee argues that the purpose of the cross-examination of the police officer was to test the witness's recollection.

It has repeatedly been held by the courts (throughout this nation) that statements contained in a report compiled by a police officer concerning the cause of or responsibility for an injury to the person or property are properly excluded from evidence on the basis that it constitutes an opinion or conclusion as distinguished from a statement of fact and/or that it represents statements made by someone else which were given to the investigating officer rather than the reporting officer's own personal observations. See cases cited in the annotations following the case of *Derrick* v. *Blazers* (1959), 355 Mich. 176, 93 N. W. 2d 909, reported in 69 ALR 2d 1143; as well as *Franklin* v. *Skelly Oil Co.* (1944), reported in 153 ALR 156; see, also, 20 Am. Jur., Evidence, §1027, pp. 866-867. While the facts set out in such reports are good evidence, the conclusions and opinions stated therein are not. *See authorities last cited.*

It has been reasoned, and we think properly so,
" . . . those portions of a public officer's report relating to the cause of or responsibility for an accident, injury, or damage may constitute statements of fact or they may represent a mere opinion or conclusion, and it would seem that a statement appearing in such a report relating to the cause of or responsibility for an accident or injury would properly be admitted in evidence if (1) it constituted a statement of fact, as distinguished from an opinion or conclusion, and (2) it represented the personal observations of the reporter, not a relaying of what someone else had told him. . . ." See 69 ALR 2d, §1, p. 1152.

Here, in the instant case, there was no attempt to introduce the police report into evidence, but appellee's attorney, under the guise of "testing the witness' recollection," asked the officer to recall those matters which would not otherwise be admissible. Objections were raised to the questions asked and the court overruled the objections. The witness was allowed, through his answers, to give his opinions and conclusions to matters affecting the cause of or responsibility for the accident in question.

The witness was not any more of an expert on the matter concluded in his report than was the jury.

It has been held by the Supreme Court of this state that

" . . . where the facts can be fully placed before the jury, opinion evidence, *even from experts,* is incompetent if the facts are of such a nature that jurors are as well qualified to form an opinion upon them as the witnesses." (Our emphasis.) *Brunker* v. *Cummins* (1892), 133 Ind. 443, 447, 32 N. E. 732.

Here, the witness on direct examination testified only to facts which he had observed at the time he arrived at the scene of the accident. It has been stated that " . . . In the event an expert witness has testified to facts observed by him, and not to his opinion based thereon, he cannot be cross-examined as to his professional opinion, . . ." See 58 Am. Jur., Witnesses, §844, p. 474.

It has been held, also, that, where an officer, if on the witness stand, could not state his opinion or con-

clusion as to the responsibility or cause of the injury, then his statement contained in a report as to the cause or responsibility should also be excluded. See *Pruett* v. *Burr et al.* (1953), 118 Cal. App. 2d 188, 257 P. 2d 690; *Hadley et al.* v. *Ross* (1944), 195 Okla. 89, 154 P. 2d 939. Using this rationale we can say that if certain parts of the reports were not admissible on the grounds that it gives the officer's opinion and conclusion as to the cause of or responsibility for the accident, then it would follow that the officer could not, while on the witness stand, when using the report to refresh his recollection, testify orally with respect to these matters.

Appellee's argument that he had a right to "test the recollection of the witness" lends little support to the admissibility of the statement. The questions themselves were obviously designed to do more than test the witness's recollection.

The questions asked clearly invaded the province of the court and jury. It is the duty of the trial court and not the witness to advise the jury as to who should have yielded the right of way in the instant case. It is also a function of the court to instruct the jury as to the duty of the parties involved in the accident in question. It is the duty of the jury to take the evidence presented, apply the law, and determine whether or not there was any improper driving on appellee's part and whether appellant should recover damages.

In the case of *Stone* v. *Warehouse & Terminal Cartage Company* (1955), 6 Ill. App. 2d 229, 127 N. E. 2d 260, a question was raised as to whether the trial court erred in permitting the defendant's counsel,

under the guise of refreshing a witness's recollection, to prove on cross-examination the contents of a police report. The Illinois court held that the trial court, by allowing the defendant to cross-examine the officer concerning the report, which report itself could not have been properly admitted into evidence, was a prejudicial error.

In light of the questions asked of the witness Gertrude Lee and Keith J. Young, and in light of the above cited authority, this court is of the opinion that when combined together the errors committed were of such a prejudicial nature that the jury could have been so influenced in reaching its verdict that appellant was denied a fair and impartial trial.

Therefore, the judgment is reversed and the trial court is ordered to sustain appellant's motion for a new trial and for further proceedings.

Judgment reversed.

Kelley, C. J., and Gonas, J., concur.

Pfaff, J., dissents without opinion.

NOTE.—Reported in 183 N. E. 2d 615.