McDONALD, ADMX., ETC. *v.* MILLER.

[No. 867A42. Filed November 27, 1968. Rehearing denied December 17, 1968. Transfer denied June 4, 1969.]

William F. McNagny, Robert L. Thompson, Jr., of Fort Wayne, and Barrett, Barrett & McNagny, of counsel, of Fort Wayne, for appellant.

Hunt, Suedhoff & Wilks, of Fort Wayne, for appellee.

BIERLY, J.—This is an action for the wrongful death of the plaintiff-appellant's husband, Charles McDonald, a pedestrian who died after being struck down by the automobile of the defendant-appellee Lucille M. Miller, at the intersection of Broadway and Parkview, in the City of Fort Wayne, Indiana, on September 23, 1963.

The issues were joined on the question of the defendant's negligence and the plaintiff's contributory negligence in the Allen Superior Court No. 3. Then, following a change of venue to the DeKalb Circuit Court, the plaintiff requested trial by jury which request was granted by the court. Later, on defendant's motion to reconsider the order granting a jury trial, the former order granting a jury trial was reviewed and revoked over the plaintiff's objection. Trial was then had before the court which heard the evidence and issued special findings of fact to the effect that the defendant was negligent, which negligence was a proximate cause of said accident, and further, that the plaintiff's decedent was also negligent, which negligence was a contributory cause of the accident. Upon these findings the court entered its judgment for the defendant.

The appellant assigns as error the overruling of her motion for a new trial, setting forth three specific propositions for our review:

1) That the trial court erred in depriving the appellant of trial by jury by granting the appellee's motion to recon-

sider order granting jury trial only three days before the trial date.

2) That the trial court erred in allowing certain opinion testimony which prejudicially invaded the province of the trier of fact.

3) That the judgment is not sustained by sufficient evidence and is contrary to law.

On March 11, 1965, plaintiff-appellant filed her amended complaint for damages in the Superior Court No. 3 of Allen County. The defendant-appellee answered on April 2, 1965, and requested a change of venue from Allen County, which request was granted on April 21, 1965, and the matter moved to the DeKalb Circuit Court of DeKalb County. Said court, on June 16, 1965, ordered the case set for trial to the court on November 8, 1965. Trial was, however, delayed for reasons not shown in the record. Thereafter, on January 21, 1966, the plaintiff filed her request for trial to a jury, which request was granted over the defendant's objection on March 15, 1966. Subsequently, the matter was ordered tried to a jury on October 17, 1966. Four days prior to said date of trial, on October 13, 1966, the defendant filed her "Motion to Reconsider Order Granting Jury Trial"; this motion was granted and the plaintiff's previously granted request for a jury trial was thereby overruled.

It is the contention of the appellee that by her failure to file her request for trial by jury within ten (10) days as required by the Rules of the Supreme Court of Indiana, the appellant waived the right to trial by jury. Rule 1-8A of the Rules of the Supreme Court of Indiana, 1967 Edition, provides as follows:

"RULE 1-8A. Request for Trial by jury. A jury trial in all cases other than criminal, where a trial by jury may be had, may be requested by any party within the same time limitations within which such party may request a change from the judge or county in civil cases. [See Rule

1-12B]. A Jury trial not so requested shall be deemed waived.

"A demand for trial by jury may not be withdrawn without the consent of all parties. Adopted September 25, 1963. Effective January 1, 1954. Amended May 15, 1958. Effective September 1, 1958. Amended April 3, 1964. Effective July 1, 1964."

The applicable provisions of Rule 1-12B are:

"RULE 1-12B. Change of Venue. . . . 2. In any action except criminal no change of judge or change of venue from the county shall be granted except within the time herein provided. Any such application for change of judge or change of venue shall be filed not later than ten (10) days after the issues are first closed on the merits. . . . 7, Provided, further, a party shall be deemed to have waived a request for a change of judge or county if a cause is set for trial before the expiration of the date within which a party may ask for a change, evidenced by an order book entry and no objection is made thereto by a party as soon as said party learns of the setting for trial. Such objection, however, must be made promptly and entered of record, accompanied with a motion for change from the judge or county (as the case may be) and filed with the court. . ."

In support of her waiver argument, appellee cites *Hayworth v. Bromwell* (1959), 239 Ind. 430, 158 N. E. 2d 285. *Hayworth* involved a jury request filed over six months after the case went to issue. In denying the request for jury trial, the court said:

"RULE 1-8A, *supra*, which fixes time within which a request for trial by jury must be made, does not take away the right to a jury trial. It only provides the method of waiving such right.

"It is well settled that the right to a jury trial may be waived."

The court went on to say:

"RULE 1-8A, *supra*, which fixes the time within which a request for trial by jury in civil cases shall be made, is a

reasonable procedural regulation designed to prevent delays to expedite the decision of cases, and to remedy a common abuse in the practice. It does not in any way affect the substantive or essential elements of a trial by jury as it existed at common law and is not in violation of Appellant's right to a trial by jury as guaranteed by Art. 1, Section 10, of the Constitution of Indiana."

Similar holdings may be found in *State ex rel. Victory Lanes, Inc. v. Blackford Circuit Court* (1967), 249 Ind. 178, 231 N. E. 2d 140; and *Spangler v. Armstrong Rubber Co.* (1961), 133 Ind. App. 411, 178 N. E. 2d 764.

It is clear that the appellant waived her right to jury trial by her failure to file a request within 10 days after the closing of the issues. Indeed, appellant concedes this to be so. Appellant contends, however, that when the trial court later granted the appellant's request for jury trial on March 15, 1966, the court was acting within the scope of its discretionary powers to grant such a request even though time for doing so allowed by the Supreme Court Rules had long since passed, citing: *Aetna Cas. & Surety Co. v. Acme-Goodrich* (1959), 130 Ind. App. 432, 159 N. E. 2d 310. Appellant further argues that the subsequent reconsideration of the granting of that request to rescind the order for trial by jury, more than six months after it was granted and only three days prior to trial, was prejudicial error.

This appears to be a question of first impression and no cases are cited by either party which have decided whether the reinstatement of the right to trial by jury nullifies a prior waiver and restores the right to its original status.

The appellee contends that the granting of the appellant's motion for a jury trial after the passage of time allowed by the rules was error, and, that in reversing itself upon the appellee's motion to reconsider the lower court merely corrected that error.

The parties concede that they are unable to find a case as precedent in which the trial court granted a request for a

jury trial after the time allowed by the rules and then later reversed itself.

It is our opinion that the trial court was acting within its discretion when it granted the plaintiff-appellant's motion for trial by jury, even though the time for filing such request under Rule 1-8A had passed. Section 2-1204, Burns' Indiana Statutes Annotated, 1967 Replacement, says:

"Causes triable by court and by jury.—Issues of law and issues of fact in causes that, prior to the 18th day of June, 1852, were of exclusive equitable jurisdiction, shall be tried by the court, issues of fact in all other causes shall be triable as the same are now triable. In case of the joinder of causes of action or defenses, which prior to said date were of exclusive equitable jurisdiction, with causes of action or defenses which prior to said date were designated as actions at law and triable by jury—the former shall be triable by the court, and the latter by a jury, unless waived; the trial of both may be at the same time or at different times, as the court may direct: *Provided, That in all cases triable by the court as above directed, the court in its discretion for its information, may cause any question of fact to be tried by a jury,* or the court may refer any such cause to a master commissioner for hearing and report. [Acts 1881 (Spec. Sess.), ch. 38 § 372, p. 240.]" (Our emphasis).

We further hold that once the trial court exercised its discretion in granting a trial by jury that right again fell under the protection of Rule 1-8A which requires that "A demand for trial by jury may not be withdrawn without the consent of all parties." Thus, the discretion granted by Section 2-1204 does not extend to the *withdrawal* of the right to a jury trial once granted because of the limitation of the Supreme Court Rules. This case, then, we must remand with instructions to grant the appellant's motion for a trial by jury.

Appellant's second proposition of error regards the admission of certain opinion testimony by two Fort Wayne police officers. It is submitted that the officers were improperly allowed to testify as experts regarding conclusions to be

drawn from physical evidence found at the scene of the accident thus invading the province of the trier of fact, citing *Presser v. Shull* (1962), 133 Ind. App. 553, 181 N. E. 2d 247, rehearing denied May 17, 1962, transfer denied June 25, 1962, and *Lee etc. v. Dickerson* (1962), 133 Ind. App. 542, 183 N. E. 2d 615. Appellant argues that the police officers may testify as to the physical evidence at the scene but are incompetent to testify as to the conclusions to be drawn therefrom.

The complained of testimony is lengthy, and only a portion is set out as follows:

"TESTIMONY OF VERNELL GEARHART ADMITTED OVER OBJECTION OF PLAINTIFF

"Q.

"Could you determine, officer, from your investigation and from particular attention to the debris that you referred to, the point of impact between the vehicle and the pedestrian?

"MR. McNAGNY:

"Your honor, we're going to object to that again, for the reason that the officer can testify as to where he found debris, that the evidence in this case is undisputed, that the defendant did not see the decedent, that she struck him and was first apprised of his presence by a thud. We think that the Court, of course, as the tryer of fact, has a perfect right to put facts together and determine whatever he chooses. On the other hand, the officer's opinion involved a question which can be decided equally well by the Court, and his opinion under the decisions of the Courts of this state would therefore be improper.

"THE COURT:

"Objection overruled. You may answer.

"A. The question, please, again.

"Q. Do you have an opinion as to the impact point from your investigation?

"A. The point of impact —

"THE COURT: The question was 'Do you have an opinion?' Yes or no.

"A. Yes, I do.

"MR. McNAGNY:

"I'd like to repeat my objection, Your Honor.

"THE COURT

"Show the objection repeated, and overruled.

"A.    The point of impact is determined by the fact that we found debris on the street. This debris was from underneath the fenders of this car. It is known as prima facie evidence—

"MR. McNAGNY:

"We'll object to what he thinks is prima facie evidence.

"THE COURT:

"The question was where the point of impact was.

"A. It was approximately 35 feet south of the south curb line of Parkview Street intersecting with Broadway.

"Q. Officer, did you find anything from your investigation, including the length of the skid marks and their location indicating excessive speed on the part of Mrs. Miller?

"MR. McNAGNY:

"We'll again object to that as invading the province of the tryer of fact. Excessive speed involves a number of questions, involving the question of due care. Excessive speed is determined by the surrounding circumstances. This again is a question for the tryer of fact, and an answer by this witness is an invasion of that province, and has been held repeatedly by the Courts of this state to be improper.

"THE COURT:

"Objection overruled. You may answer.

"A. The question again, sir?

"Q. Did you find anything from your investigation, including the skid marks, which indicated excessive speed on the part of Mrs. Miller?

"A. No, sir. No indication of excessive speed."

The appellee denies that the admission of this testimony was error since it should be regarded as expert testimony

admitted at the discretion of the trial court; *Snow v. Cannelton Sewer Pipe Company* (1965), 138 Ind. App. 119, 210 N. E. 2d 118. Appellee further says that even if the testimony was improperly admitted its effect was lessened by the fact that the case was tried to the court without intervention of a jury, and in any event, the court's finding of fact was based upon other probative evidence which supports the decision; *Harpe v. Beuoy* (1966), 139 Ind. App. 690, 215 N. E. 2d 553.

In *Presser v. Shull, supra,* this court said:

"*The very fact that the court permitted him (Officer Jarrett) to testify gave weight to his evidence, resulting in a trial by an investigator and not by witnesses, for his opinion was substituted for the opinion of the jury on a* question of fact that clearly was within the province of the jury and within their capabilities of determination. *If such were permitted, trials of accident cases would be not by juries who listen to eyewitnesses but by juries who take the opinion of investigators and speculators*" (Their emphasis).

See also, *Carson v. Associated Truck Lines, Inc.* (1968), 143 Ind. App. 431, 241 N. E. 2d 78, 15 Ind. Dec. 542.

We hold that *Presser* is applicable to the case at bar, and that the admission of the officer's opinions and conclusions was prejudicial error requiring a reversal.

For the reasons stated herein, the judgment should be reversed and the cause remanded with instructions that the plaintiff-appellant be given a new trial and that plaintiff's request for trial by jury be granted.

Reversed and cause remanded to the trial court with instructions to grant a new trial as requested by plaintiff-appellant.

Pfaff and Smith, JJ., concur.

NOTE.—Reported in 242 N. E. 2d 39.