## BRINEY *v.* WILLIAMS ET AL.

[No. 20,776. Filed December 6, 1968. Rehearing denied December 30, 1968. Transfer denied March 3, 1969.]

*Bingham Summers Welsh & Spilman,* Indianapolis, and *Allen Sharp,* Williamsport, for appellant.

*Wallace & Wallace, Covington, Conrad G. Harvey,* Crawfordsville, and *McCormick & McCormick,* Vincennes, for appellees.

PER CURIAM.—This is an action by appellee Richard L. Williams against appellant to recover damages for personal injuries allegedly suffered as a result of a collision between a tractor-trailer driven by said appellee and an automobile driven by the appellant. Appellant filed a cross-action against all appellees to recover damages for personal injuries allegedly sustained by appellant as a result of such collision.

The testimony of the parties is in conflict regarding the circumstances of the collision; but, in essence, the appellant rear-ended appellee's semi-tractor. The day after the accident appellant pleaded guilty to a charge of reckless driving.

Appellee alleged negligence on the part of appellant as follows:

a) Operating an automobile at a high rate of speed in excess of 75 miles per hour,

b) Failure to keep a lookout, and

c) Failure to have his automobile under control in that he was unable to slow down or stop to avoid the collision.

Appellant denied the allegations of negligence and filed a "cross-complaint" against appellee alleging negligence on the part of appellees as follows:

a) Failure to keep a lookout,

b) Failure to exercise control over the truck to avoid the collision, and

c) Failure to give a warning or signal prior to moving from the northbound lane into the southbound lane of the highway.

Appellee Richard Williams filed an answer to the cross-complaint denying the alleged negligence.

Appellees Darrell M. Williams, Emge Packing Company, and M T Produce Company filed a motion for summary judgment for the reason that the cross-complaint as to them was barred by the statute of limitations. This motion was sustained by the trial court and summary judgment was entered accordingly.

Trial was had by jury on the issues formed by the complaint of appellee, Richard L. Williams, and appellant's cross-complaint against said appellee. The jury returned a verdict for said appellee on his complaint in the amount of $40,000, and against appellant on his cross-complaint. Judgment was entered accordingly.

Appellant filed his motion for new trial which was overruled, and this is the assigned error relied upon in this court.

The first specification of error urged by appellant is that the verdict was contrary to law in that the court erred in admitting in evidence opinion testimony of a police officer concerning speed.

The speed of the vehicles at the time of the collision was one of the key issues in this case, both as regards liability and injuries. The testimony of the parties was in conflict on this point.

A police officer, who did not arrive at the scene of the accident until some time after the collision, was permitted to testify over objection that, based upon his observations, conversations with the parties, and training and knowledge as a police officer, that the speed of appellant's automobile at the time of the impact was 75 miles per hour, and the speed of appellee's truck was 50 miles per hour.

The admission of this evidence was error. Although there are no Indiana decisions precisely on point, we believe that this question is analogous to and controlled by this court's ruling in *Presser v. Shull* (1962), 133 Ind. App. 553, 183 N. E. 2d 615. Thus, the speed of the two vehicles was a question of fact for jury determination

based upon the eye-witness testimony of the parties. *Presser v. Shull, supra.*

Also, our Supreme Court has said,

". . . where the facts can be fully placed before the jury, opinion evidence, even from experts, is incompetent if the facts are of such a nature that jurors are as well qualified to form an opinion upon them as witness." *Brunker v. Cummins* (1892), 133 Ind. 443, 447, 32 N. E. 732.

Appellee contends that even if error was committed in the admission of this evidence it was rendered harmless by appellant's own testimony regarding his speed. We cannot agree. Appellant testified by sworn deposition that his speed had been "approximately 65 miles per hour", that it "was possible" he was traveling 70 miles per hour at the time of the collision, and that "he could have been going 75 miles per hour" but that "he didn't see how".

In an unsworn statement given to an insurance adjuster for appellees, only hours after the accident, and at a time when appellant was in a questionable physical condition in a hospital, appellant said he was going 75 miles per hour. However, this testimony was later contradicted under oath.

We believe that this error, in conjunction with other facts discussed hereafter, require a reversal of the judgment of the trial court, and the granting of appellant's motion for new trial.

Appellant also contends that the opinion testimony of Dr. Richard M. Anderson, who did not treat appellee but examined him for the sole purpose of testifying as a medical expert, was inadmissable for the reason that such opinions were based on statements and declarations made to him by appellee.

It is clear that in Indiana the general rule is to the effect that a doctor is competent to testify even if the examination is made solely for the purpose of testifying at trial. *The Louisville, New Albany and Chicago Railway Company v. Falvey* (1885), 104 Ind. 409, 414, 3 N. E. 389. However, in the case at bar it appears that nearly the entire testimony of Dr. Anderson was based upon subjective symptoms related to the doctor by the appellee, Richard L. Williams.

We find no Indiana cases specifically examining the question presented by the factual situation of this case.

At 51 A. L. R. 2d 1065, it is stated,

"The weight of authority supports the rule that the opinion of a physician or surgeon based wholly or partly on statements and subjective symptoms related to the physician by the patient is inadmissible where the examination was made for the purpose of qualifying the physician or surgeon to testify as a medical expert."

We believe Indiana should follow this majority position, for to do otherwise would allow the patient's self-serving declarations to be carried to the jury and bolstered by the "expert's" opinion.

In the case at bar, we find the testimony given by Dr. Anderson to be especially prejudicial because of the fact that the treating physician did not testify.

The appellant has also assigned as error the action of the trial court in sustaining the motion for summary judgment filed by appellees, Darrell M. Williams, Emge Packing Company and M T Produce Company.

Because this question must be determined in the event of a new trial between the parties, we find it necessary to settle this issue.

Since no genuine issue as to any material fact was raised as to defendants Darrell M. Williams, Emge Packing Company and M T Produce Company, the sustaining of the motion for summary judgment below was proper.

Judgment reversed in part, as to the appellee, Richard L. Williams, with instructions to grant appellant's motion for new trial and, sustained in part, as to the decision of the trial court on the motion for summary judgment below.

NOTE.—Reported in 242 N. E. 2d 132.