ARTHUR B. KOCH AS PERSONAL REPRESENTATIVE OF ESTATE OF KOCH *v.* STEPHEN GREENWOOD ET AL.

[No. 171A4. Filed October 4, 1971. Rehearing denied November 9, 1971. Transfer denied February 1, 1972.]

*John L. Carroll, Charles C. Griffith, Johnson and Carroll,* of Evansville, for appellant.

*Robert H. Hahn, Bamberger, Foreman, Oswald and Hahn,* of counsel, of Evansville, for appellees.

SHARP, J.—This was an action for wrongful death brought by Arthur B. Koch, Personal Representative of the Estate of Garfield Koch, deceased, seeking damages resulting from the death of Garfield Koch allegedly caused by the negligence of Stephen Greenwood while acting within the scope of his employment with Richard Young, d/b/a Richard Young, Sewer Contractor. Plaintiff's decedent was operating a 1950 Plymouth automobile north on Highway #65 in Vanderburgh County, Indiana. The defendant Greenwood was backing a truck out of a driveway which intersected Highway #65 and a collision resulted, which threw the Plaintiff's decedent from his automobile and directly led to his death. Other than the Plaintiff's decedent, there was no eyewitness to the collision, although several witnesses arrived on the scene shortly after the collision, one of whom was James Edward Allen, Vanderburgh County Police Department, whose opinion testimony elicited on cross-examination gave rise to this appeal.

On cross-examination of the witness, James Edward Allen, the following exchange took place and is now the basis of this appeal:

> "Q. Did you form an opinion, officer, as to what caused this accident from your investigation?
>
> Mr. Carroll: If your Honor please, I'm not so sure under the rules that this amounts to qualifications from the standpoint of this question. We put the Officer on and I think he properly and correctly testified to the facts as he knows them. I think that the conclusions, particu-

larly where you have a situation where one party is deceased, we think it becomes unfair when the only evidence he was able to talk to was the one man, who is still living and for that reason we think we are going to have to object to the question.

Mr. Hahn: Your Honor, the question is not based upon the conversation that he had with the defendant, it's based upon his entire investigation of this accident, the physical facts, what he actually said and observed within 15 minutes of this accident. And we feel he has a right to state his opinion as to what caused the accident.

By the Court: The objection is overruled.

A: In my opinion, there again based on the physical evidence and with the defendant, the conversation with him, at the time unable to determine that there was any eyewitnesses, it is my opinion and mine alone that apparently, the truck was backed up to the edge of the road, but I feel sure that if the defendant had not become should I say maybe in a nervous state or mind, upset—that's not the right word either. Spooked could be a good word. If the driver of the car had not become spooked, if these were his tire tracks and this I can't say, I believe that the accident could have been avoided, as there was sufficient room for him to have went around the truck, because there was apparently no oncoming traffic. The road is wide enough."

The sole contention of the appellant here relates to the adequacy of the objection which was made by Appellant's counsel as shown above. There is no contention that this witness may have been properly qualified to give expert testimony within the language used in *McCraney* v. *Kuechenberg,* 144 Ind. App. 629, 248 N. E. 2d 171 (1969).

The precise type of evidence sought by the question propounded by the Appellees has been held improper in a series of recent decisions by this court. See *Lee* v. *Dickerson,* 133 Ind. App. 542, 183 N. E. 2d 615 (1962), *Presser* v. *Shull,* 133 Ind. App. 553, 181 N. E. 2d 247 (1962), *Briney* v.

*Williams,* 143 Ind. App. 691, 242 N. E. 2d 132 (1968), and *McDonald* v. *Miller,* 143 Ind. App. 606, 242 N. E. 2d 39 (1968). This general principle was more recently affirmed by this court in *Shelby National Bank* v. *Miller,* 147 Ind. App. 203, 259 N. E. 2d 450 (1970).

The form of the objection made by Appellant's counsel is certainly not a model of good practice. While Appellant's counsel could have been considerably more definite and explicit the objection made was sufficient, as a matter of law, to properly bring the question raised to the attention of the trial court and on appeal to this court.

We have taken the trouble to search several of the recent cases decided by this court and set forth here the form of the question and objection.

In *McDonald* v. *Miller,* in 242 N. E. 2d at page 43, the following question and objection were stated:

"Q. Can you determine, officer from your investigation and from particular attention to the debris that you referred to, the point of impact between the vehicle and the pedestrian?

"Mr. McNagny: Your honor, we're going to object to that again, for the reason that the officer can testify as to where he found debris, that the evidence in this case is undisputed, that the defendant did not see the decedent, that she struck him and was first apprised of his presence by a thud. We think that the Court, of course, as the tryer of fact, has a perfect right to put facts together and determine whatever he chooses. On the other hand, the officer's opinion involves a question which can be decided equally well by the Court, and his opinion under the decisions of the Courts of this state would therefore be improper."

In the same case at 242 N.E. 2d at the bottom of page 43 and the top of page 44 the following question and objection were made.

"Q. Officer, did you find anything from your investigation, including the length of the skid marks and their location indicating excessive speed on the part of Mrs. Miller?

"Mr. McNagny: We'll again object to that as invading the province of the tryer of fact. Excessive speed involves a number of questions, involving the question of due care. Excessive speed is determined by the surrounding circumstances. This again is a question for the tryer of fact, and an answer by this witness is an invasion of that province, and has been held repeatedly by the Courts of this state to be improper.

The Court: Objection overruled. You may answer."

In *Lee* v. *Dickerson* at 133 Ind. App., pages 548 and 549, the following questions and objections appear:

"And officer, as a matter of fact in making your report, you did indicate, did you not, that the Lee car failed to yield the right of way to the Dickerson car?"

Appellant raised an objection which was as follows:

"We object to that Your Honor, for the reason that the law in this case will be given to the jury by the court. And for the witness, for any witness, to be asked what is lawful or proper or wrong is invading the province of the jury as it will be given instructions as to the law by this court."

The objection was overruled and the witness answered: "Yes."

The witness was then asked:

"And I will ask you, also, officer, if you didn't find and determine in making your report that the Lee car was on the wrong side of the road not in passing at the time this accident happened?"

Appellant's objection was as follows:

"We object to that for the same reason as stated before, Your Honor."

The objection was overruled and the witness answered: "Yes."

Finally the witness was asked:

"Were there any indications as to improper driving on the Dickerson car as you indicated on the report from which you have testified?"

Appellant's objection was as follows:

"Objection, Your Honor, on the grounds that it calls for a conclusion on the part of the witness and further that it invades the province of the jury."

The objection was overruled and the witness answered: "No."

In *Lee* v. *Dickerson, supra* the above questions were asked on cross-examination of the police officer as they were in this case. In *Lee* v. *Dickerson, supra,* the admission of the above evidence over the objections stated was the basis upon which this court reversed the trial court.

In *Presser* v. *Shull* at 133 Ind. App. 553 the following questions and objections were made during the testimony of the police officer:

"QUESTION BY MR. SHEARER,
DEFENDANT'S ATTORNEY:

Q. From your observation, made at the scene of the accident of the marks on the pavement and the cars themselves, can you tell us how the cars were positioned when the impact occurred?

MR. PECK, PLAINTIFF'S ATTORNEY:

To which we object. It is calling for a conclusion of the witness. The jury can do that.

JUDGE STEWART:

If this man can tell by the markings, the impact, the cars themselves, in what position they were relative to each other at the time of the impact, he may do so. He could say whether he can or whether he can't.

MR. PECK:

That's relative to each other but not relative to the highway, is that right Judge?

JUDGE STEWART:

Well, relative to each other. The cars in the beginning—
MR. PECK:

As I understand it, the cars relative to each other could be in any direction as long as they are—Now he is going to talk about the cars only. Is that right?

JUDGE STEWART:

I don't know whether he can link the cars up or not, but the question here, as I understand it, the relative position of the automobiles at the time of impact. If he can determine it from markings, he may say so.

MR. PECK:

I want my objection registered. It calls for a conclusion of the witness who was not there and who knows nothing but what he saw of the cars several minutes after the accident happened when they were a long distance apart.

JUDGE STEWART:

Objection overruled.

A. Yes sir.

Q. You tell us in your own words, from your observation from the markings upon the highway, the cars themselves, that position the cars were in at the point of impact.

A. From the evidence on the highway and the damage to both vehicles, the Presser car was on the north side facing north, the rear to the south. The police car was—

MR. PECK:

Now to which I object if the Court please. I move that you strike it out. He dosen't say anything about the relative position of the cars at all. He is talking about position on the highway.

JUDGE STEWART:

He said it was in the north position and he hasn't said where the other car was.

MR. PECK:

He is talking about a position on the highway. A man who wasn't there and don't know how the accident happened.

JUDGE STEWART:

If the evidence can be determined. And he has said that it can be, he has a right to testify.

MR. PECK:

Well isn't that a conclusion of the witness your honor?

JUDGE STEWART:

Not if it is ascertainable from the facts that existed there.

MR. PECK:

How could he ascertain the direction of a car from a dent on the side of it?

JUDGE STEWART:

From the markings on the pavement, the impact, he has said that from all of those things he can determine the position of the cars relative to each other. If he can go as far as

to direction, I think he has a right to do that. If it can be ascertained. Not a guess but if it can be ascertained from the facts as they existed there that night.

A. The Presser car was in north-south direction. The front of the car facing north. The police car was in the act of turning and was headed in a south—"

In commenting on the above evidence at 133 Ind. App. 566 this court stated:

"In the case at bar, the court permitted two investigators, who were state policemen, to contradict the evidence of an eyewitness who saw the accident and knew where it took place and who testified to the jury. Similar objections were made to the testimony of Officer Roberts, but his testimony was subsequent to that of Officer Jarrett, and it is unnecessary for us to consider or discuss the alleged error in permitting his testimony. Officer Jarrett was not present at the time of the accident. He was asked to give his opinion and conclusion as to the relative position of the cars to each other at the point of impact from his own private investigation of what he had seen at the scene of the accident sometime after it happened. The very fact that the court permitted him to testify gave weight to his evidence, resulting in a trial by an investigator and not by witnesses, for his opinion was substituted for the opinion of the jury on a question of fact that clearly was within the province of the jury and within their capabilities of determination. If such were permitted, trials of accident cases would not be by juries who listen to eye-witnesses but by juries who take the opinion of investigators and speculators.

For the error above indicated, this judgment is reversed and cause remanded with instructions to sustain appellant's motion for a new trial."

In *McCraney* v. *Kuechenberg*, 144 Ind. App. 629, 248 N.E. 2d 171, at page 173, this court stated:

"Appellant's first contention relates to the refusal of the trial court to permit a deputy sheriff who was not an eyewitness to give an opinion as to the speed of defendant's automobile at the time of the collision.

Not unaware of our holdings in *Briney* v. *Williams* (1968), Ind. App., 242 N.E. 2d 132; *McDonald* v. *Miller* (1968), Ind. App., 242 N.E. 2d 39; and *Presser* v. *Shull*

(1962), 133 Ind. App. 553, 181 N.E. 2d 247, we nevertheless do not here hold that law enforcement officers cannot be qualified by training, experience, or both, so as to properly testify concerning their opinions in various facets of accident investigation or reconstruction. See generally, *Rimco Realty & Investment Corp.* v. *LaVigne* (1943), 114 Ind. App. 211, 50 N.E. 2d 953; 13 I.L.E. *Evidence* §§ 254 and 291; nor do we here rule upon the question of admissibility of opinion evidence by a non eye-witness relative to speed under circumstances different than here presented. See generally, *Kuhn* v. *Stephenson* (1928), 87 Ind. App. 157, 161 N.E. 384; *Lake Erie & Western R.R. Co.* v. *Moore* (1912), 51 Ind. App. 110, 97 N.E. 203; and *Rump* v. *Woods* (1912), 50 Ind. App. 347, 98 N.E. 369. In a proper case such evidence might well be admitted and left to the trier of fact to weigh in the light of all other evidence upon that issue. We do hold, however, that exclusion of the witness' opinion was proper here.

> The specific question put to the witness was as follows:
> 'Do you have an opinion based on the skid marks, the evidence that you have observed at the point of impact, your experience as a police investigator as to whether or not this woman was exceeding the speed and if so what speed was she going at?'
>
> Appellee's objection to the question was that:
>
> 'There is no basis for such an opinion to be given by this officer as an expert's opinion.' "

While the precise objection which the Appellant argues here was not presented in the above cited cases, the examples set forth do illustrate the evidentiary and procedural context in which trial courts and this court have dealth with this matter.

We, therefore, conclude that the objection made by the counsel for the Appellant was sufficient to properly raise error regarding the admissibility of the evidence sought to be elicited by the question of the counsel for Appellees within the meaning of *Lee* v. *Dickerson, supra, Presser* v. *Shull, supra, Briney* v. *Williams, supra,* and *McDonald* v. *Miller, supra.*

On the basis of the foregoing authorities the trial court

committed reversible error in overruling the objection made by Appellant's counsel. Therefore, this case must be reversed and remanded with instructions to grant Appellant's Motion for a New Trial.

Reversed and remanded.

Hoffman, C. J., Staton and White, J. J., Concur.

NOTE—Reported in 273 N.E. 2d 568.