**Bernard DAUGHERTY, Appellant–Defendant, Counter–Plaintiff,**

v.

**ROBINSON FARMS, INC. d/b/a Robinson Construction, Appellee–Plaintiff, Counter–Defendant.**

**No. 42A04–0603–CV–159.**

Court of Appeals of Indiana.

Dec. 12, 2006.

---

Jeffrey B. Kolb, Emison Doolittle Kolb & Roellgen, Vincennes, IN, Attorney for Appellant.

L. Edward Cummings, Vincennes, IN, Attorney for Appellee.

**OPINION**

DARDEN, Judge.

*STATEMENT OF THE CASE*

Bernard Daugherty appeals the trial court's judgment in favor of Robinson Farms, Inc., d/b/a Robinson Construction.

We affirm.

*ISSUE*

Whether the trial court abused its discretion in denying Daugherty's request for a jury trial.[1]

*FACTS*

Daugherty, a farmer, purchased a tract of land in Knox County in 1998. Prior to Daugherty purchasing the land, it was forest reserve. In late February or early March of 1999, Daugherty and Robinson entered into a verbal agreement, whereby Robinson agreed to clear sixteen acres at a price of $2,000 per acre. As payment, Daugherty and Robinson agreed that Robinson "could haul [Daugherty's] corn and have the corn in payment...." (Tr. 60).

Robinson loaded and hauled the corn from Daugherty's bins to a grain elevator operated by Robinson Grain. According to the grain ticket printed out by Robinson Grain, Robinson delivered 20,481.05 bushels of corn from June 15, 1999 through June 17, 1999. Robinson Grain paid a settlement amount of $38,119.44 for the corn. From the $38,119.44 due, Robinson Grain issued a check to Robinson in the amount of $31,228.00, which was payment for the leveling performed.

In February of 2000, Robinson sent Daugherty an invoice for the amounts due for clearing the original sixteen-acre tract as well as for additional work performed by Robinson. Robinson credited Daugherty $31,891.94, leaving a balance of $13,891.94.

In January of 2003, Daugherty tendered a check to Robinson in the amount of $1,172.48. This amount included $1,053.58 Daugherty owed Robinson for "lime and

---

1. Finding no abuse of discretion, we need not address Daugherty's second issue: whether the trial court's failure to conduct a jury trial constituted harmless error.

trucking" and "$119.90 to make $32,000." (Robinson's Ex. 5). Robinson did not accept the check.

On February 11, 2004, Robinson filed a complaint against Daugherty, seeking a judgment in the amount of $13,891.94 for work performed. Daugherty was served with a summons and a copy of the complaint on February 24, 2004.

Daugherty, by his counsel, Brian Dickerson, filed his answer on March 11, 2004. Daugherty did not assert any affirmative defenses or file a counterclaim. Daugherty also did not demand a trial by jury.

The trial court held a pre-trial conference on April 8, 2004. Jeffrey B. Kolb, who worked for the same law firm as Dickerson, appeared on behalf of Daugherty. On April 8, 2004, the trial court entered a pre-trial order, setting a final pre-trial conference for October 8, 2004 and a bench trial for October 26, 2004.

On April 23, 2004, Daugherty filed a motion for leave to file a counterclaim, affirmative defenses and demand for jury trial. In the motion, Daugherty asserted the following:

> At the time of the answer to the complaint, counsel for the defendant, Brian C. Dickerson, was distracted by National Guard duty and a pending call to active services which pending call to active services is now a precent [sic] call resulting in this pleading being filed on behalf of the defendant by Jeffrey B. Kolb.[2]

(App.14). On April 23, 2004, the trial court entered an order granting Daugherty's motion and ordered that Daugherty file his counterclaim, affirmative defenses and re-

quest for jury trial on or before May 23, 2004.

On April 29, 2004, Robinson filed an objection to Daugherty's motion to file a counterclaim and demand for jury trial. Robinson did not object to the belated filing of affirmative defenses.

On May 3, 2004, Daugherty filed his counterclaim, asserting negligence and conversion. Daugherty also filed his affirmative defenses and a demand for jury trial. Robinson filed a reply to Daugherty's counterclaim on May 24, 2004.

On October 8, 2004, the trial court entered its final pre-trial order, setting a jury trial for October 26, 2004. On October 25, 2004, Robinson filed a motion renewing his objection to a jury trial. Finding that Daugherty's demand for a jury trial was untimely, the trial court entered an order on October 25, 2004, "direct[ing] that all issues in this matter be tried to the court...." (App. 51).

On October 29, 2004, Daugherty filed a motion for change of venue from judge, to which Robinson did not object. The trial court granted Daugherty's motion and appointed a special judge.

The trial court held a bench trial on September 9, 2005 and January 4, 2006. "At the conclusion of the evidentiary portion of the trial," counsel for both parties were "allowed to present a written summary of their client's position," which the trial court took under advisement. (App. 4). On February 21, 2006, the trial court entered its order and judgment. The trial court made the following findings:

1. That [Robinson] should be entitled to receive the sum of [$12,050.00] for services provided to [Daugherty].

---

2. We note that when Daugherty filed his answer, Dickerson had not been called to active service. Rather, his call was "pending." (App. 14). Daugherty's motion fails to indicate whether Dickerson had been called to service when Daugherty's demand for jury trial was due.

2. That [Daugherty] has failed to carry his burden concerning his counterclaim relating to conversion, but did carry his burden concerning his counterclaim relating to negligence.

3. That [Daugherty] should be entitled to a set-off in the amount of [$5,600.00] against amounts owed to [Robinson] due to [Robinson's] negligence.

(App. 4–5). Thus, the trial court entered a judgment against Daugherty in the amount of $6,450.00.

### DECISION

■ Daugherty asserts the trial court abused its discretion in denying his demand for a jury trial. Article I, section 20 of the Indiana Constitution guarantees that "[i]n all civil cases, the right of trial by jury shall remain inviolate." "That right is not absolute, however, and it can be waived." *Scott v. Crussen*, 741 N.E.2d 743, 746 (Ind.Ct.App.2000), *trans. denied.*

■ Regarding jury trials, Indiana Trial Rule 38(B) provides as follows:

**(B) Demand.** Any party may demand a trial by jury of any issue triable of right by a jury by filing with the court and serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than ten (10) days after the first responsive pleading to the complaint, or to a counterclaim, crossclaim or other claim if one properly is pleaded; and if no responsive pleading is filed or required within ten (10) days after the time such pleading otherwise would have been required.

Thus, "a demand for a jury trial must be made by the requesting party no later than ten days after the first responsive pleading is due." *Scott*, 741 N.E.2d at 746. A party who fails to serve and file a demand for jury trial within the time allotted by Trial Rule 38(B) waives trial by jury. Ind. T.R. 38(D); *Scott*, 741 N.E.2d at 746.

In this case, Daugherty filed his answer on March 11, 2004. Therefore, his demand for jury trial was due on or before Monday, March 22, 2004. Daugherty did not demand a jury trial within the prescribed time period. *See* T.R. 38(B) ("Any party may demand a trial by jury ... not later than ten (10) days after the first responsive pleading to the complaint...."). Thus, Daugherty waived his right to a jury trial by failing to make a timely demand.

■ Nevertheless, Daugherty argues that the time, by which he was required to demand a jury trial, was properly extended under Trial Rule 6(B). Trial Rule 6(B) provides in relevant part:

When an act is required or allowed to be done at or within a specific time by these rules, the court may at any time for cause shown:

\* \* \*

(2) upon motion made after the expiration of the specific period, permit the act to be done where the failure to act was the result of excusable neglect[.]

Pursuant to Trial Rule 6(B)(2), a trial court may, in its discretion, grant a belated jury trial demand. *Johnson v. Wabash County*, 181 Ind.App. 281, 391 N.E.2d 1139, 1147 (1979).

Trial Rule 38(D), however, provides in relevant part:

*The trial court shall not grant a demand for a trial by jury filed after the time fixed in T.R. 38(B) has elapsed except upon the written agreement of all the parties to the action, which agreement shall be filed with the court and made a part of the record. If such agreement is filed then the court may, in its discretion, grant a trial by jury in which event the grant of a trial by jury*

may not be withdrawn except by the agreement of all of the parties.

(Emphases added).

Thus, there appears to be a conflict between Trial Rule 6, which gives the trial court discretion to allow a belated demand for a jury trial, and Trial Rule 38(D), which provides that once a party has failed to file a timely jury demand, the trial court may grant a jury trial only if the parties agree to it.

▇▇▇ When interpreting trial rules, we apply the rules of statutory construction. *Carter–McMahon v. McMahon,* 815 N.E.2d 170, 175 (Ind.Ct.App.2004). "[O]ur objective when construing the meaning of a rule is to ascertain and give effect to the intent underlying the rule." *Id.* Trial rules must be construed together and harmoniously if possible. *Id.* When two rules cover the same subject and one does so in general terms while the other does in specific terms, the more specific rule prevails and shall be applied. *Ross v. State,* 729 N.E.2d 113, 116 (Ind.2000) (discussing the interpretation and construction of statutes). "If the language of a rule is clear and unambiguous, it is not subject to judicial interpretation." *Carter–McMahon,* 815 N.E.2d at 175.

▇▇▇ We construe the word "shall" as mandatory rather than directory. *See Shepherd v. Carlin,* 813 N.E.2d 1200, 1203 (Ind.Ct.App.2004) (construing "shall" in statutes). Thus, Trial Rule 38(D) allows the trial court to grant a belated demand for a trial by jury only if the parties agree to the action. *See Smith v. Washington,* 716 N.E.2d 607, 617 (Ind.Ct.App.1999) ("Absent such an agreement, T.R. 38(D) dictates that the trial court shall not grant an untimely jury demand."), *aff'd in part, vacated on other grounds,* 734 N.E.2d 548 (Ind.2000), *reh'g denied.* The trial court does not have discretion to allow such an

action without "the written agreement of all of the parties to the action. . . ." T.R. 38(D). Once the parties have entered into a written agreement, "the court may, *in its discretion,* grant a trial by jury. . . ." *Id.* (emphasis added). *See also Webber v. Miller,* 731 N.E.2d 476, 478 (Ind.Ct.App. 2000) ("T.R. 38(D) vests discretion with the trial court to grant a jury trial if certain conditions are satisfied.").

When Trial Rules 6(B) and 38(D) are read together in *pari materia,* it is clear that the trial court has discretion to allow a belated demand for a jury trial under Trial Rule 6(B) and Trial Rule 38(D). Such discretion, however, follows only if the parties have entered into a written agreement, agreeing to a trial by jury. To allow the trial court to grant a belated jury trial demand under Trial Rule 6(B), without a written agreement by the parties, would render the written agreement requirement in Trial Rule 38(D) meaningless. Furthermore, Trial Rule 38(D), as the more specific rule, takes priority over the more general Trial Rule 6(B).

▇▇▇ Here, the parties did not enter into a written agreement pursuant to Trial Rule 38(D). Accordingly, the trial court erred when it originally granted Daugherty's demand for a jury trial, and the trial court properly corrected this error when it reversed its grant of Daugherty's jury trial demand.

▇▇▇ Citing *McDonald v. Miller,* 143 Ind.App. 606, 242 N.E.2d 39 (1968), *reh'g denied,* Daugherty argues that the trial court "could not later take away the grant of a jury trial once it had used its discretion to grant the jury trial." Daugherty's Br. 17. We disagree.

In *McDonald,* this court addressed "whether the reinstatement of the right to trial by jury nullifies a prior waiver and restores the right to its original status." 242 N.E.2d at 42. Citing to then-Rule 1–

8A, which provided that " '[a] demand for trial by jury may not be withdrawn without the consent of all parties,' " this court held that the discretion of the trial court to grant or deny a belated request for a jury trial did "not extend to the withdrawal of the right to a jury trial once granted...." *Id.* at 41, 42.

We note that when *McDonald* was decided, whether to grant a belated demand for jury trial was entirely within the trial court's discretion, and there was no requirement that there be a written agreement between the parties. *See Jameson v. McCaffry*, 157 Ind.App. 480, 300 N.E.2d 889, 891 (Ind.Ct.App.1973) ("It appears to us from the McDonald case that at that time it was discretionary with the court to grant a motion for trial by jury ... but the discretion ... did not extend to the withdrawal of the right to a jury once granted because of the limitation of Rule 1–8A."), *reh'g denied.*

Therefore, we cannot say that the trial court abused its discretion in nullifying its grant of Daugherty's demand for a jury trial when Daugherty failed to timely assert his right to a jury, and the parties did not enter into a written agreement to set aside that waiver.

Furthermore, the evidence shows that attorney *Kolb*[3] appeared on Daugherty's behalf during the pre-trial conference on April 8, 2004, fifteen days *prior* to the filing of the motion for leave to file a belated demand for a jury trial. During the pre-trial conference, the trial court set a bench trial, to which Kolb did not object. The trial court then entered its pre-trial order, ordering that a bench trial be set for October 26, 2004.

██ ██  "The law is well settled that a pre-trial order shall control the proceed-

ings once it is entered." *Webber*, 731 N.E.2d at 478. Trial Rule 16(J) provides:

> The court shall make an order which recites the action taken at the conference, the amendments allowed to the pleading, and the agreements made by the parties as to any of the matters considered which limit the issues for trial to those not disposed of by admissions or agreement of counsel, and such order when entered shall control the subsequent course of action, unless modified thereafter to prevent manifest injustice.

It is within the trial court's sound discretion to permit or deny an amendment of a pre-trial order. *Daub v. Daub*, 629 N.E.2d 873, 875 (Ind.Ct.App.1994), *trans. denied.* In deciding whether to permit a modification from a pre-trial order, "the trial court considers both the danger of surprise or prejudice to the opponent, and the goal of doing justice to the merits of the claim." *Id.*

Here, we find no abuse of discretion in the trial court's decision to hold a bench trial as it initially ordered, particularly where Daugherty acquiesced to the bench trial during the pre-trial conference. *Cf. Schiller v. Knigge*, 575 N.E.2d 704, 706 (Ind.Ct.App.1991) (holding that plaintiffs deemed to have acquiesced to a bench trial where they initially demanded a jury trial but later failed to object to proceeding without a jury).

Affirmed.

NAJAM, J., and FRIEDLANDER, J., concur.

---

3. The trial court initially found that *Dickerson's* failure to file a timely demand for jury trial constituted excusable neglect.