Mirza M. AHMAD, M.D., Appellant–Defendant,

v.

Judith A. DUNCAN and Phillip Duncan, Appellees–Plaintiffs.

No. 49A04–0001–CV–31.

Court of Appeals of Indiana.

Aug. 2, 2000.

---

Cathleen M. Shrader, John M. Clifton, Barrett & McNagny, Fort Wayne, Indiana, Attorneys for Appellant.

William F. Conour, Amber D. Kennedy, Conour Doeherman, Indianapolis, Indiana, Attorneys for Appellees.

## OPINION

SULLIVAN, Judge

Appellant, Mirza M. Ahmad, M.D. (Ahmad), appeals the trial court's order reassuming jurisdiction after it transferred venue to Fulton County.

We reverse and remand.

The facts reveal that on July 12, 1999, Judith and Phillip Duncan (collectively "Duncans") filed a lawsuit in Marion County alleging medical malpractice against Dr. Ahmad and the Indiana Patients' Compensation Fund (Fund).[1] Although the Duncans and Dr. Ahmad are residents of Fulton County, the lawsuit was filed in Marion County because the Fund is located there.

On September 1, 1999, Dr. Ahmad filed a Motion to Transfer for Improper Venue alleging that Marion County was not the preferred venue because the Fund was not a proper party to the lawsuit. On September 8, 1999, the Fund filed a Motion to Dismiss. On November 1, 1999, the trial court conducted a hearing on both motions. On the same day, the trial court granted the Fund's motion to dismiss and Dr. Ahmad's motion to transfer venue and ordered the cause transferred to Fulton County.

On December 2, 1999, the Duncans filed a Motion for Court to Reassume Jurisdiction alleging that Dr. Ahmad had failed to perfect the change of venue. The trial court, on January 12, 2000, reassumed jurisdiction on the basis that Dr. Ahmad had failed to perfect the transfer of the cause to Fulton County.

Dr. Ahmad now appeals and contends that the trial court erred when it failed to

---

1. The Duncans also named the Indiana Department of Insurance as a defendant because it manages the Indiana Patients' Compensation Fund.

include a time limit for the Duncans to pay the requisite costs so that the Clerk could transfer the record to Fulton County. The Duncans, on the other hand, maintain that once the trial court ordered transfer of the cause to Fulton County, Dr. Ahmad failed to perfect the transfer by filing a praecipe for the record to have it transferred. Thus, the Duncans assert that the trial court properly reassumed jurisdiction.

■ Indiana Trial Rule 75(A) provides that a case may be filed in any court in any county in Indiana. However, if the initial county of filing is not one of preferred venue, the trial court, upon a properly filed motion, shall transfer the cause to a county selected by the party filing the motion if such selected county is one of preferred venue. T.R. 75(A); *Banjo Corp. v. Pembor* (1999) Ind.App., 715 N.E.2d 430, 431. Indiana Trial Rule 75(B) further provides that "[w]henever a claim or proceeding is filed which should properly have been filed in another court. . . . The person filing such claim or proceeding shall pay such costs as are chargeable upon a change of venue. . . ."

Here, neither the Duncans nor Dr. Ahmad dispute that Fulton County is the county of preferred venue. Additionally, the parties agree that it was the Duncans' responsibility to pay the costs of the transfer once the transfer was granted. The dispute is simply who was responsible for effectuating the change.

■ Once a trial court grants a change of venue to another county, the transfer is effective subject to the payment of costs. *Lakeside Mercy Hospital, Inc. v. Indiana State Bd. of Health* (1976) N.D.Ind., 421 F.Supp. 193, 204.[2] The presence or absence of the record is not a jurisdictional prerequisite. *Id.* Therefore, the transfer was effective as of entry of the trial court's order.

■ The Indiana Trial Rules clearly provide for a change in venue in the instant case and once granted, it is undisputed that the party initially filing suit is responsible for paying the costs of transfer. However, the rules provide no further guidance in determining whether Dr. Ahmad first had a duty to perfect the transfer of the record or if the Duncans were required to first pay the costs so that the record could be transferred. Therefore, it is simply the mechanics of the change that are at issue here.

■ Because the trial rules do not address the mechanics of completing the change of venue, we turn to the general change of venue statute, I.C. 34–35–1–2 (Burns Code Ed. Repl.1998), for direction. I.C. 34–35–1–2 provides, in pertinent part, that after the trial court orders the change of venue:

"(b) The court or judge shall:

(1) designate the county to which the venue shall be changed, which may be in the same or in an adjoining circuit, as is considered best for the furtherance of justice; and

(2) prescribe the time within which the applicant shall pay the costs of the change.

(c) The clerk of the court in which the suit is pending, as soon as the costs of the change are paid, shall immediately transmit:

(1) all the papers; and

(2) a transcript of all the proceedings;

to the clerk of the court of the county to which the venue is changed." (emphasis supplied).

This section is only applicable, however, when a change of venue has been granted for certain reasons set forth in I.C. 34–35–1–1 (Burns Code Ed. Repl.1998), not when a change of venue has been granted pursu-

---

**2.** The Federal District Court observed that although the transfer is effective as of the time of the order and the receiving court obtains "[j]urisdiction of some sort" at that time, the receiving court gains "full jurisdiction" when a certified copy of the transfer order is filed. *Lakeside Mercy Hospital, Inc., supra* at 204.

ant to T.R. 75(A).[3] Be that as it may, we turn to this statute for assistance because of its similar purpose to T.R. 75(A), that of changing venue from one county to another.

Indiana Code 34–35–1–2 plainly establishes that the trial court must prescribe the time limit in which the costs shall be paid. We conclude that the same process should be followed in changes under T.R. 75(A). Once such a time limit has been fixed, the burden is upon the plaintiff or claimant to ascertain the costs associated with the transfer and to pay them.

Because the transfer was effective upon entry of the transfer order, the trial court erred in reassuming jurisdiction. Accordingly, we reverse and remand for proceedings not inconsistent with this opinion.

BAILEY, J., and VAIDIK, J., concur.

---

**3.** We also note that this statute provides that the applicant shall pay the costs instead of the claimant as T.R. 75(B) provides. However, this is explained by noting that the reasons for change of venue contained in I.C. 34–35–1–1 are for the benefit of the movant and not based upon preferred venue as in T.R. 75(A).