# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 22 2016, 6:44 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

James R. Recker
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Keith E. Rounder
Terrell, Baugh, Salmon & Born, LLP
Evansville, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

Genahol, LLC,
Genahol-Powers 1, LLC,

*Appellants,*

v.

Earl Powers,
Powers Energy One of Indiana, LLC,
Worldnet Capital 1, LLC,

*Appellees.*

April 22, 2016

Court of Appeals Case No.
49A02-1508-PL-1187

Appeal from the Marion Superior Court

The Honorable Gary L. Miller, Judge

Trial Court Cause No.
49D03-1412-PL-40483

**Pyle, Judge.**

# Statement of the Case

Genahol, LLC and Genahol-Powers 1, LLC (collectively, "Genahol") appeal the trial court's order denying its motion to correct error, which was filed after the trial court granted a motion to dismiss without prejudice filed, pursuant to Trial Rule 75(B)(3), by Earl Powers ("Powers"), Powers Energy One of Indiana, LLC ("Powers Energy"), and Worldnet Capital 1, LLC ("Worldnet") (collectively, "the Defendants"). Genahol argues that the trial court's dismissal order was erroneous and that the trial court should have ordered a change of venue rather than a dismissal. Because the trial court had already transferred venue of the case and Genahol failed to pay the venue transfer costs within the time required under Trial Rule 75(B)(2), the trial court did not err by dismissing the case without prejudice pursuant to Trial Rule 75(B)(3), which required such action by the trial court. Accordingly, we affirm the trial court's order dismissing the case without prejudice.

We affirm.

# Issue

Whether the trial court abused its discretion by granting the Defendants' motion to dismiss without prejudice pursuant to Indiana Trial Rule 75(B)(3).

## Facts[1]

On December 5, 2014, Genahol filed, in Marion County, a "Complaint for Monetary and Exemplary Damages" against the Defendants.[2] (App. 6). The complaint contained claims for breach of contract and fraud, among others. After receiving an enlargement of time, the Defendants filed their answer and affirmative defenses on February 18, 2015.

Shortly thereafter, on February 27, 2015, the Defendants filed a motion for change of venue pursuant to Indiana Trial Rule 75. The Defendants argued that Vanderburgh County was the proper venue under Trial Rules 75(A)(1) and 75(A)(4) because that was where Powers was a resident and where Powers Energy and Worldnet had their principle offices. On March 9, 2015, the trial court entered an order granting the Defendants' motion for change of venue.[3]

---

[1] We note that many of the pleadings contained in Genahol's Appellant's Appendix are not file stamped, and it appears that Genahol used its own copies of these pleadings when compiling its Appendix. Additionally, Genahol asserts that various orders are not contained in its Appellant's Appendix, claiming that it never received a copy of the orders. We direct Genahol's attention to Indiana Appellate Rule 50(A)(2)(f), which directs that an Appellant's Appendix should contain copies of "pleading and other documents from the Clerk's Record[.]" Thus, Genahol should have obtained all necessary pleadings and orders from the trial court clerk and then included those in its Appellant's Appendix.

We also note that Genahol's Statement of Facts section is an exact repeat of its Statement of Case section. We direct Genahol to Appellate Rule 46(A)(6), which provides that the Statement of Facts section "need not repeat what is in the statement of the case."

[2] According to the complaint, Genahol, LLC is registered in Ohio, and Genahol-Powers, LLC is licensed in Indiana.

[3] Genahol did not include a copy of this order in its Appellant's Appendix. The Defendants, however, attached a copy of this order to the back of their Appellees' Brief instead of filing it in an Appellees' Appendix. We direct the Defendants' attention to Indiana Appellate Rule 50(A)(3), which provides that an Appellee may file an Appellee's Appendix to include items relevant to appellate issues that are not contained in the Appellant's Appendix.

Specifically, the trial court ordered the case to be transferred to Vanderburgh County, and it ordered Genahol to pay all the required transfer fees. Pursuant to Trial Rule 75(B)(2), Genahol was required, "within twenty (20) days, [to] pay such costs as are chargeable upon a change of venue."

[5] A few days after the trial court had entered its order, Genahol filed a response to the Defendants' venue motion, arguing that Marion County was a proper venue because it was where the contract at issue was signed. On March 20, 2015, Genahol then filed a motion to reconsider, requesting the trial court to reconsider its order granting the Defendant's change of venue motion. Genahol raised a procedural argument only, asserting that the trial court should not have entered an order on the Defendants' venue motion before giving Genahol a chance to respond or without holding a hearing on the venue motion. The motion was not ruled upon within five days; therefore, it was deemed denied.[4]

[6] Thereafter, on April 8, 2015, Genahol filed a motion to correct error, again challenging the procedural timing of the trial court's order granting the change of venue motion. The trial court did not set the motion to correct error for a hearing nor did it enter an order addressing it.

---

[4] *See* Ind. Trial Rule 53.4(B) (explaining that a motion to reconsider is "deemed denied" if not ruled upon within five days). Despite this "deemed denied" status, the trial court, on April 13, 2015, attempted to deny Genahol's motion to reconsider by handwriting "denied" on Genahol's proposed order in which it sought to have the trial court grant its motion to reconsider and to "vitiate[]" the "order of March 9th, 2015 granting a change of venue." (App. 34). The following day, on April 14, 2015, the trial court clerk entered a chronological case summary ("CCS") entry for this order and mistakenly indicated that the trial court had entered an "Order Denying Motion for Change of Venue." (App. 3). A few days later, another CCS entry indicated that the April 14, 2015 entry was a clerical mistake and should be disregarded.

[7] On May 19, 2015, the trial court issued an order reassuming jurisdiction over the case. In its order, the trial court noted that it had "reviewed the file in this cause" and "determine[d] [that] the Defendants ha[d] failed to perfect their change of venue pursuant to the Indiana Trial Rules[.]" (App. 35).

[8] The following day, the Defendants filed a motion to dismiss the action without prejudice pursuant to Trial Rule 75(B). The Defendants argued that—under Trial Rule 75(B)(2)—Genahol had been required, within twenty days, to pay the costs to transfer venue of its case to Vanderburgh County and that—under Trial Rule 75(B)(3)—Genahol's failure to pay the transfer costs required the trial court to dismiss Genahol's case without prejudice.

[9] On June 25, 2015, the trial court held a hearing on the Defendants' motion to dismiss.[5] During the hearing, the trial court also allowed Genahol to present its argument regarding the change of venue issue.[6] On June 29, 2015, the trial court issued an order "dismissing [the] case for failure to perfect preferred venue[.]" (App. 4) (all capitalization removed). In its order granting the Defendants' motion to dismiss, the trial court also reaffirmed its prior order on venue, noting that "the Marion Superior Court where the action was filed does

---

[5] The CCS indicates that this hearing was initially scheduled as a hearing on a "Motion for 41E Dismissal[.]" (App. 3). At the beginning of the hearing, the Defendants' counsel clarified that their motion to dismiss was filed pursuant to Trial Rule 75 and based on Genahol's failure to pay the required fees to transfer venue of the its case.

[6] Genahol presented a witness who testified that the parties signed a contract in Marion County, and it argued that Marion County was, therefore, the proper venue.

not meet preferred venue requirements and that Vanderburgh County has preferred venue and is authorized to decide the case." (App. 47).

[10]   On July 27, 2015, Genahol filed a motion to correct error, contending that the trial court's order erred by dismissing the case without prejudice. Genahol argued that the order would result in prejudice, even though it was ordered to be without prejudice, because Genahol would be required to file a new cause of action. It alleged that "the statute of limitations for their action will have run" and argued that, as a result, it would "mak[e] court action impossible[.]" (App. 49). Genahol argued that it was "under no obligation to perfect a change of venue" because the trial court had reassumed jurisdiction and had entered orders in the case. Genahol contended that, instead of dismissing the case, the trial court should have transferred the case to Vanderburgh County and allowed Genahol "an opportunity to change venue within the time frame of *Trial Rule 75*[.]" (App. 50) (emphasis in original).

[11]   On July 29, 2015, the Defendants filed a response to Genahol's motion to correct error. The Defendants pointed out that the language of Trial Rule 75(B)(3) was mandatory and required the trial court to dismiss the action without prejudice upon Genahol's failure to pay to the transfer costs within twenty days of the order transferring venue, and it asserted that the trial court should deny Genahol's request to "treat the dismissal provision under Ind. T.R. 75(B)(3) as discretionary." (App. 52).

[12] Thereafter, on August 3, 2015, the trial court denied Genahol's motion to correct error.[7] Genahol now appeal.

# Decision

[13] Genahol challenges the trial court's order granting the Defendants' motion to dismiss without prejudice pursuant to Trial Rule 75(B)(3), and it argues that the trial court abused its discretion by denying its motion to correct error.

[14] On appeal, we review a trial court's ruling on a motion to correct error for an abuse of discretion. *Paragon Family Restaurant v. Bartolini*, 799 N.E.2d 1048, 1055 (Ind. 2003). We will reverse a trial court's ruling on a motion to correct error "only where the trial court's judgment is clearly against the logic and effect of the facts and circumstances before it or where the trial court errs on a matter of law." *Perkinson v. Perkinson*, 989 N.E.2d 758, 761 (Ind. 2013).

[15] Indiana Trial Rule 75(B) provides, in relevant part, that:

> (1) Whenever a claim or proceeding is filed which should properly have been filed in another court of this state, and proper objection is made, the court in which such action is filed shall not then dismiss the action, but shall order the action transferred to the court in which it should have been filed.

> (2) The person filing the action shall, within twenty (20) days, pay such costs as are chargeable upon a change of venue and the papers and records shall be certified to the court of transfer in like manner as upon change of venue and the action shall be deemed

---

[7] The trial court denied the motion by handwriting "denied" on Genahol's proposed order. (App. 54).

commenced as of the date of filing the action in the original court.

(3) If the party filing the action does not pay the costs of transfer within twenty (20) days of the order transferring venue, the original court shall dismiss the action without prejudice and shall order payment of reasonable attorney fees to the party making proper objection.

[16] The crux of Genahol's appellate challenge to the trial court's order granting the Defendants' motion to dismiss under Trial Rule 75(B)(3) is that the trial court should have "order[ed] the matter transferred" instead of dismissing the case without prejudice. (Genahol's Br. 6). Genahol does not dispute the fact that it did not pay the transfer costs within twenty days of the trial court's March 9, 2015 venue order as was required by Trial Rule 75(B)(2). Instead, it offers an excuse for why it did not pay the costs of transferring the case to Vanderburgh County within twenty days. Specifically, Genahol contends that it "detrimentally relied upon [its belief] that they were under no obligation to perfect a change of venue where the court was still exercising jurisdiction . . . and while a ruling on a motion to correct errors was pending." (Genahol's Br. 6).

[17] We find Genahol's excuse to be hollow, especially in light of the fact that its motion to correct error had not even been filed at the time that the transfer fees were due. Here, the Defendants filed a motion for change of venue pursuant to Indiana Trial Rule 75. On March 9, 2015, the trial court granted this motion and—pursuant to Trial Rule 75(B)(1)—ordered the case transferred to

Vanderburgh County and—pursuant to Trial Rule 75(B)(2)—ordered Genahol to pay the costs associated with the change of venue. Because March 29, 2015 was a Sunday, Genahol was required to pay the associated transfer fees by Monday March 30, 2015. Genahol, however, did not pay these costs within twenty days as required by Trial Rule 75(B)(2). Instead, on March 20, 2015, Genahol filed a motion to reconsider. However, the filing of this motion did not extend the date by which Genahol was required to pay the venue transfer costs. *See* T.R. 53.4(A) (explaining that a motion to reconsider "shall not . . . extend the time for any further required or permitted action, motion, or proceeding"). Then, on April 8, 2015, Genahol filed a motion to correct error. This motion was filed nine days *after* the date that Genahol was required to pay the venue transfer costs; thus, this motion was not pending during the relevant time period that Genahol had to pay the transfer costs.

[18] Once a trial court grants a change of venue to another county, "the burden is upon the plaintiff or claimant to ascertain the costs associated with the transfer and pay them." *Ahmad v. Duncan*, 732 N.E.2d 862, 865 (Ind. Ct. App. 2000), *trans. denied*. The language of Trial Rule 75(B)(3) unambiguously provides that, upon a plaintiff's failure to pay the transfer costs within twenty days, a trial court "shall dismiss the action without prejudice[.]" Here, upon a motion filed by the Defendants, the trial court dismissed Genahol's case without prejudice pursuant to this rule. Because the language of Trial Rule 75(B)(3) is mandatory, we affirm the trial court's order, entered pursuant to Trial Rule

75(B)(3), dismissing Genahol's case without prejudice.[8]  *See Daugherty v. Robinson Farms, Inc.*, 858 N.E.2d 192, 197 (Ind. Ct. App. 2006) (explaining that we apply rules of statutory construction when interpreting trial rules and that we "construe the word 'shall' as mandatory"), *trans. denied*.

Affirmed.

Baker, J., and Bradford, J., concur.

---

[8] Genahol also appears to suggest that the trial court erred by failing to hold a hearing on the Defendants' motion for change of venue prior to issuing an order on the motion.  We decline to address this collateral attack to the trial court's March 2015 change of venue order.